39 So.2d 739

**HOLMES v. TRIGGS.**

No. 38929.

March 21, 1949.

Waverly A. Henning, of Gretna, for plaintiff and appellant.

Alvin F. Higgins, of Gretna, and Herman & Herman, of New Orleans, for defendant and appellee.

MOISE, Justice.

The matters of substance alleged by petitioner are that he and the defendant were married on October 29, 1942; that defendant mislead him by declaring that she was not married at the time of the ceremony; that they lived together as man and wife until June 16, 1946, when he learned that his wife had been married to another, without being divorced.

The defendant answered by asserting that at the time of her marriage to the petitioner, she believed she was divorced from her husband; that her previous marriage was known to him and at the time of the alleged bigamous marriage, she was not aware of any legal impediments; that during the time of their living together, certain property was acquired and she is entitled to a partition thereof or, in the alternative, she prays for a judgment in her favor for $850 representing contributions she made towards the acquisition of the property during the marriage.

The judgment of the district court was for an annulment of the marriage and for a partition of the property acquired during the time that the parties lived together as man and wife. Plaintiff appeals.

Both litigants seem to have acquiesced in that part of the judgment as to the annulment of the marriage. The contest, therefore, is on that part of the judgment which directs a partition of the property acquired while the parties lived together as man and wife.

The controlling element for a determination of the issue is one of fact. The object of every judicial investigation is the ascertainment of the truth. The evidence offered is the means by which that is effected. It variously adjusts itself to perform its task in most certain and direct ways. Some things to a district judge are self-evident, others will be proved by his senses; but there are other subjects which address themselves to no palpable standard of truth but to human experiences. There are many things in the trial of a suit in a district court that are not susceptible of being taken down by the court stenographer but come under the observing eye of a district judge. The district judge has contact with the witnesses and observes their course of conduct, the manner of giving testimony, and he is in a better position to determine the credibility of the witnesses and to determine the proof of the facts from the evidence, than ourselves. We have not the direct contact with the witnesses in person. We have only a paper record and, therefore, the credibility of the witnesses and the weight to be given the evidence is not reflected to the same extent and the same certainty of proof as in a summary by the district judge. We have, therefore, established a rule of common sense that on all appeals based on a question of fact, the judgment of a district court will not be disturbed unless it is manifestly erroneous.

To set aside the judgment in the instant case, the burden is on this Court to point

out from the record that the judgment of the district court is manifestly erroneous.

The pertinent facts of record are that the defendant married Hayward Jones on June 25, 1940, and that they lived together a short time before she moved to Marrero. Jones "took up" with another woman soon thereafter, and the defendant swears that she called on him for the purpose of getting half of the furniture and that he told her "* * * he couldn't give me (her) half because he had got (gotten) married and his wife was going to have a baby." (Parenthesis mine.) This statement is corroborated by the physical fact, to-wit, that the woman did have a baby. Jones thereafter went into the Armed Forces of the United States and Mercedes Triggs, the defendant did not receive any allotment from the Government as his legal wife but this child received an allotment. (The record is not clear whether the mother of the child received any allotment.)

■ As evidence of bad faith, the plaintiff points out that at the time the defendant married him, October 29, 1942, she married under her maiden name, Mercedes Triggs. If the court knows almost what every district judge knows, then the judges of this Court should have knowledge that in most all instances where a woman is divorced and there is forever a dissolution of the marriage ties, that woman does not know whether she is entitled to use her marriage name or whether she must revert to her maiden name. And so, this fact of record can be given two constructions:

The one placed on it by the plaintiff and (2) the one evidently placed on it by the trial judge. Good faith is always presumed and we can conclude with equal force that she used her maiden name in place of her marriage name "Jones" because she thought there had been a dissolution of her marriage with Jones. As further evidence of the so-called bad faith, attention is directed to defendant's answers when under questioning relating to the time of taking out the license, concerning a former husband. The witness' answer, considering the fact of her limitation in education, rings as clear as a bell. She said that she thought she was being asked about a "farmer" husband and answered the question the way she did because Jones was not a "farmer" but at the time she married him he was a mechanic. She likewise states that she had received a letter from her husband telling her that he had married again and that she could not locate the whereabouts of this letter. There was offered to the court a witness on her behalf, Rev. William Iler, and the evidence is significant from the following question and answer:

"Q. Did she (meaning Mercedes Triggs) ever, on any occasion, show you any letters from her relatives? A. She showed me a letter from her husband saying—(interrupted * * *)

"Mr. Henning: I object to any testimony about what her husband told her, unless he knows it himself or was there."

This objection was sustained. Of course, the foundation had not been properly es-

tablished to offer the contents of the lost document and for that reason the objection to the evidence at that particular time was properly sustained. We concur in the correctness of the exclusion of the evidence.

Article 117 of the Revised Civil Code provides: "The marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith."

The district judge sounded the plummets of his heart in his reasons for judgment when he expressed his views thusly:

" * * * when it comes to the question as to whether the defendant was in good faith when she entered into the said marriage, the Court is of the opinion that she was and did act in good faith, and I base my opinion from observing the manner in which the defendant acted while on the stand. As a witness she reminded me of one of those real downright plantation negroes easily lead to believe anything one tells them, good natured in her language while testifying; no display of vindictiveness or acrimony whatsoever on her part; * * *."

On the record as made up, we cannot say with good conscience that the conclusion reached by the district judge was manifestly erroneous.

Judgment affirmed at plaintiff's costs.

, McCALEB, J., concurs in the decree.

O'NIELL, C. J., takes no part.