HAWTHORNE, Justice.
Plaintiff John W. Moore instituted this suit to recover from defendant Michel Le-Long $39,318.75. Of this amount $228.75 is claimed for 305 bales of hay which plaintiff alleges he owned and which were taken by defendant or his agents or employees without color of right or authority. The balance of this amount is claimed as damages for the breach of a contract of lease.
• After trial on the merits there was judgment rejecting plaintiff’s demands and dismissing his suit. Plaintiff has appealed to this court. While the appeal was ¡pending in this court, plaintiff was adjudged a voluntary bankrupt, and the trustee in bankruptcy, H. E. Harper, was substituted as plaintiff-appellant by order of this court.
‘ In September, 1948, defendant Michel LeLong by written contract leased to the plaintiff John W. Moore approximately 692 acres of land in Red River Parish for a term of five years at a rental of one-fifth of the crops produced on the land. Pursuant to the terms and provisions of this lease plaintiff went upon the land and produced a crop for the 1949 crop year.
It is plaintiff’s contention that at the end of this crop year defendant without right went forcibly into possession of the leased land and ousted plaintiff from possession of it; that this constituted a breach of the contract of lease existing between plaintiff and defendant; that as a result of this . breach plaintiff is entitled to damages un *965 der the provisions of Act 250 of 1924, R.S. 9:3201-9:3203; that under this act defendant is responsible to him for the market value of the crops that could have been grown on the land during the remaining term of the lease.
We have read the record carefully and have concluded, as did the trial judge, that plaintiff has not proven the allegations of his petition as to the breach of the contract of lease. In other words, he has not proven by a preponderance of . the evidence that defendant without right repossessed the land and leased it to another. We must concede that the evidence on this question is somewhat conflicting, but the trial judge, who saw and heard the witnesses that testified in the case, concluded that plaintiff had failed to prove this allegation of fact. We fully agree with this conclusion. Moreover, it is well settled in the jurisprudence of this court that the trial judge’s finding of fact is entitled to great weight and will not be reversed unless manifest error is shown on appeal. Roach v. Roach, 213 La. 746, 35 So.2d 597; Cormier v. Douet, 219 La. 915, 54 So.2d 177; Eals v. Swan, 221 La. 329, 59 So.2d 409; Nalty v. Nalty, 222 La. 911, 64 So.2d 216.
Not only do we think that plaintiff failed to prove a breach of the contract of lease by a preponderance of the evidence, but we think the evidence shows that plaintiff voluntarily surrendered'the leased premises to his lessor at the end of the 1949-crop year. Plaintiff suffered a crop, failure for that ■crop year,'for he raised only nine bales of ; cotton from more thán 100’acrés planted in ■ cotton. At the end of the 1949 crop year he was hopelessly insolvent, owed to various persons and corporations large sums of money which he was unable to pay, and was without capital to continue farming operations on the property leased.
We think, however, that there was manifest error in the judgment insofar as it failed to award plaintiff damages for the value of 305 bales of hay which defendant converted to his own use without authority and which the evidence discloses were the property of plaintiff. Thirty bales of this hay were of good grade alfalfa which the evidence shows had a value of $1.00 per bale. This alfalfa hay was removed from a porch on the leased property by employees of the defendant pursuant to defendant’s orders and was subsequently by defendant’s orders fed to his cattle. The remaining 275 bales of hay, which the evidence shows were stored in a barn on the leased property, were likewise fed to defendant’s cattle by his employees and at his orders. This latter hay . was proven tp have a value of $.50- a bale. This evidence is not contradicted, and plaintiff is therefore entitled to judgment in the sum of $167.50, which is the value of.the hay.
For the reasons assigned the judgment appealed from is reversed insofar as it rejected-plaintiff’s claim for damages for the value of 305 bales of hay,'and it is now ordered that the trustee in bankruptcy; H. E. *967 Harper, have judgment against the defendant Michel LeLong in the sum of $167.50 with legal interest thereon from judicial demand until paid. In all other respects the judgment appealed from is affirmed. Defendant-appellee is to pay all costs of this suit.