REGAN, Judge.
The plaintiff, Mrs. Mildred Rouyer, the owner and operator of a Chevrolet automobile, instituted this suit against the defendants, Paul P. Horil, the owner of a Plymouth automobile, his son, Justin P. Horil, the operator thereof, and the father’s liability insurer, Maryland Casualty Company, endeavoring to recover the sum of $5,961.26, representing property damage, personal injuries and medical expenses incurred by her, as the result of a collision between the two vehicles on June 10, 1952, at about 3:00 p. m., in the intersection of Esplanade Avenue and Leda Street, in the City of New Orleans.
The defendants answered denying that Justin P. Horil was guilty of any negligence and, in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment dismissing plaintiff’s suit she has prosecuted this appeal.
The record reveals that on June 10, 1952, at about 3:00 p. m., Justin Horil was endeavoring to return to his parents’ home in 1519 Leda Street and, in pursuance thereof, he drove to the traffic circle at the Beauregard entrance to City Park and then crossed Bayou St. John and entered the left traffic lane of the uptown roadway Esplanade Avenue, moving at a speed of thirty to thirty-five miles per hour in the general direction of the river, but particularly towards the intersection of Leda *397 Street, which is approximately six hundred feet removed from the Bayou; when he was approximately one hundred and fifty feet from Leda Street, he sounded his horn in order to pass the plaintiff’s automobile and she moved to the right or into the center lane of the roadway. He then gradually came to a stop in order to execute a left turn into Leda Street and, it is conceded, that he neglected to manifest either a stop or a left turn signal. In any event, his car was stationary when plaintiff, who was moving ten to fifteen miles per hour, struck the right rear of his vehicle with the left front of her car, forcing his automobile into the opposite roadway of Esplanade Avenue and into the path of a truck. The impact together with the loss of control caused plaintiff’s car to crash into a tree on the uptown side of Esplanade Avenue sixty feet removed from the situs of the accident resulting in the personal injuries and property damage for which recovery is sought herein.
Plaintiff contends that as Justin Horil approached the intersection of Esplanade Avenue and Leda Street “he swerved first to the right and then to the left” of Esplanade Avenue and then failed to execute any signal before suddenly stopping in the intersection; plaintiff points to these omissions and commissions as the proximate cause of the accident.
Defendants, on the other hand, in resisting the demands of the plaintiff, insist that her negligence was the proximate cause of the accident in that she failed to maintain a proper lookout or to keep her car under control and in running into the rear of a stopped vehicle when she had two clear traffic lanes over which she could have safely passed and thus have avoided the accident.
The trial judge was obviously of the opinion that plaintiff’s failure to maintain a proper lookout was the proximate cause of the accident and our examination of the record fails to reveal any error in his conclusion.
 The sudden stopping of the lead car without notice, if unexplained, is negligence, but despite this general rule there is imposed upon the driver of the following vehicle the obligation of having his car under such control as to enable it to stop in time to avoid colliding with the car ahead in the event of a sudden stop; however, we do not think that Horil came to a sudden stop in view of the fact that his vehicle was obviously slowing down in preparation for a left turn and his failure to execute the proper signals was not the proximate cause of the accident. The cause thereof was, as the trial judge found, the failure of plaintiff to maintain a proper lookout and to keep her car under adequate control. If she had done this, the record reflects that she could have easily avoided the accident by either remaining within the center lane of Esplanade Avenue or turning slightly to the right thereof.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.