GLADNEY, Judge.
This suit was instituted by the plaintiff, Berton Lawson, to recover damages arising from an automobile accident which occurred on U. S. Highway No. 71, about 2:30 o’clock P.M. April 5, 1952, in Bossier Parish, approximately twelve miles south of Bossier City. Made defendants are Captain Lewis E. Riggle and his insurer, the United Services Automobile Association. Following a trial on the merits, judgment was rendered in favor of plaintiff in the ■ amount of $901.65 against both defendants, who have perfected this appeal.
With atmospheric conditions normal, Lawson was driving his GMC ¥2 ton truck north along the highway at a speed which he estimated at thirty-five to forty miles per hour, and had reached a point about j4th of a mile south of a “T” intersection ■óf U. S. Highway No. 71 with a side road which led off to the west of the highway and is commonly referred to as the Moon Lake Road. It was at this point that a Cadillac automobile driven by Captain Rig-gle, closely followed by a Ford automobile, passed petitioner’s vehicle and almost immediately after the passing the Cadillac car was stopped abruptly, blocking the northbound traffic lane at the intersection of the highway with the Moon Lake Road. The driver of the Ford car, apparently to avoid striking the Cadillac, turned to the right and succeeded in passing on the shoulder of the highway and then continued on his way without making his identity known. When he realized the Cadillac was stopped, Lawson applied his brakes but not in sufficient time to bring his vehicle to a stop before colliding with the rear end of the Cadillac.
Plaintiff charges the accident was entirely due to the negligence of the driver of the Cadillac in passing his truck and abruptly and suddenly stopping his car in plaintiff’s lane in such close proximity a collision could not be avoided, although the brakes of his truck were promptly and forcefully applied.
The defendants rely substantially upon the facts as above set forth and pitch their defense on an alternative plea of contributory negligence, it being averred that plaintiff was at fault in failing to timely observe the Riggle car stopped on the highway after it had indicated a left turn; in failing to have his automobile under proper control; and in failing to apply his brakes in sufficient time to avoid a collision.
There is little contradiction of the testimony of plaintiff, his companion Arthur McElroy, and Sgt. E. C. Clinton of the State Highway Patrol, who arrived at the scene of the accident shortly after its occurrence. The testimony of McElroy fully corroborated the testimony by plaintiff. No witnesses were furnished on behalf of the defendants, but they offered in evidence a statement given by plaintiff on April 7, 1952, two days following the accident, which reads:
“I was driving my truck in a northerly direction at a speed of about 35-40 MPH when the Cadillac passed my unit also headed north on 71. From the point where the Cadillac passed my unit to the point of the accident I would estimate the distance to be about 400 yards. After the Cadillac passed *783 my truck an unknown Ford then passed my truck and pulled in between my truck and the Cadillac, all of us headed north. All of a sudden the driver of the Cadillac stopped his car to turn to the left on a country road which leads to Moon Lake. The driver of the Cadillac had to stop for there was southbound traffic opposing him. The The driver of the Ford evidently saw the Cadillac stopping and due to opposing traffic, headed south on the same highway, cut to his right and passed the Cadillac on the right hand side. When I saw that the Cadillac had stopped I was about 35 to 40 feet to the rear of it so I immediately applied the brakes of my car and slid about 35 feet before allowing the front of my car to strike the rear of the Cadillac. Damage was caused to the front of my truck only.”
Plaintiff’s charge that Riggle stopped too suddenly and forced the following Ford automobile to leave the paved highway in order to avoid an accident by passing the Cadillac on the shoulder of the road is not refuted and must stand as proof of the negligence of Riggle. This is virtually conceded by counsel for the defendants who argue principally Lawson was con-tributorily negligent in failing to timely stop his vehicle due to not keeping a proper lookout ahead and by not promptly applying his brakes.
We think the circumstances clearly indicate Lawson was not in a position where he could timely observe any signal or retarding movement made by Riggle. He could not know his traffic lane was blocked until the Ford made its sudden turn to its right. Had the Ford continued forward and struck the Riggle vehicle, Lawson of necessity would have struck the rear of the Ford. The emergency in which Lawson found himself was not brought on by any act of omission or commission of his own, and he should not under the conditions presented be held responsible for a mere mistake in judgment. However, we think plaintiff acted with prudence and was not guilty of any act of negligence.
Counsel for appellants argue the fact that the Ford car which was closely following the Cadillac was able to avoid a collision is strongly persuasive plaintiff should have likewise avoided the collision, and his failure to do so is proof of his negligence. Cited in support of this proposition are the cases of Gandy v. Arrant, La. App.1951, 50 So.2d 676 and Rouyer v. Horil, La.App.1955, 83 So.2d 396. Examination of these authorities reveals they are inapposite. In Gandy v. Arrant, a series of vehicles was proceeding along U. S. Highway 80, when the lead vehicle, a truck, stopped suddenly to yield its right-of-way across a narrow bridge to a truck coming from the opposite direction. The Chevrolet car which was following, came to a stop behind the truck. Gandy, who was driving a Nash automobile and following the Chevrolet, likewise came to a stop. While in this position Arrant’s car, which was following Gandy, collided with the rear end of the Nash. This court held Arrant was negligent and pointed out it was the duty of each driver in a line of vehicles proceeding along a highway in the same direction, to so regulate the speed of his own automobile and the distance at which he follows the vehicle ahead, and to maintain such a lookout and to keep his vehicle under such control as to meet the usual traffic developments. Arrant’s failure to timely stop his vehicle was held to have been caused by his neglect to keep a proper lookout ahead, his failure to promptly apply his brakes, and because he was too closely following the car of Gandy. In Rouyer v. Horil, La.App., 83 So.2d 396, the plain-, tiff was found guilty of actionable negligence when defendant’s automobile sounded its horn to pass plaintiff’s automobile, which then moved from the left to the center traffic lane and defendant’s automobile then stopped in order to execute a left turn without giving a signal therefor, thereby causing plaintiff’s automobile to strike the 'rear *784 end of defendant’s car. This case simply follows the rule that the sudden stopping of the lead car, without notice, if unexplained, is negligence, but despite this general rule there is imposed upon the driver of the following vehicle the obligation of having his car under such control as to enable him to stop in time to avoid colliding with the car ahead in the event of a sudden stop.
The instant case is distinguished from the Gandy case in that Lawson’s view ahead was obscured by the Ford and he could not observe the movements of the Cadillac before it abruptly stopped, whereas there was no vehicle between Gandy and Arrant which prevented the slowing movement of Gandy from being observed by Arrant. Arrant had time to bring his car under control, but Lawson did not. The same distinction must be recognized between our holding in the instant case and that in Rúuyer v. Horil, supra.
Plaintiff sought damages which were itemized: for damage to the truck, $401.65; for personal injuries, $1,000, and for loss of the use of the truck, $150. Plaintiff abandoned his claim based on the loss of the úse of his truck and we are now concerned only with his right to recover for property damage and personal injury. The statement given by Lawson on April 7th, two days after the accident, indicated at that time he had sustained no injury. Upon trial he testified he remained sore for at least a month from a bruised chest. He did not testify the soreness required medication, and under the circumstances we think he sustained no more than a trivial injury which is' insufficient to warrant compensation. The trial court, however, saw fit to allow $500 for personal injuries and in this respect we think the judgment should be amended by elimination of this item. The claim for property damage to the truck in the sum of $401.65 is supported by competent proof, and the award therefor was correctly allowed.
For the reasons hereinabove set forth, the judgment from which appealed will be amended by reducing the same to the sum of Four Hundred One and 6%oo ($401.65) Dollars, and as so amended, it is hereby affirmed. All costs shall be assessed against defendants, except the cost of this appeal,, which is taxed against plaintiff.