HARDY, Judge.
This is a suit by plaintiffs, husband and wife, for damages allegedly resulting from injuries sustained by the plaintiff wife in an automobile collision. Named as defendants were the drivers of the other cars involved, Robert A. Schwarz and Harry Dwight MacDonald, and their respective insurers. From a judgment in favor of plaintiff husband in the principal sum of $599.97 and plaintiff wife in the sum of $4,000 against the four defendants in solido, all defendants have appealed.
The accident which gave rise to this suit occurred shortly after midnight of January 21, 1958, at the intersection of Highway 80 and Wyche Street in Bossier City. Plaintiff, Mrs. Rials, a registered nurse who was employed as a head nurse at the Veterans’ Administration Hospital in Shreveport, was driving east on Highway 80 en route to her home, after completing her tour of duty at the hospital. As Mrs. Rials approached the intersection of Wyche Street, which dead-ends into Highway 80 from the north and which intersection is controlled by a traffic light, she observed the light change from green to the amber caution signal, at which time she testified she was approximately 50 feet from the intersection, whereupon she applied her brakes and brought her car to a stop at the intersection. The car driven by the defendant, Schwarz, which was *327 following the Rials car at a distance of some three to four car lengths, crashed into the rear end of Mrs. Rials car, causing the damages for which recovery is sought in this suit. The car driven by the defendant, MacDonald, which was following the Schwarz car, collided with the rear end of the latter vehicle. The exact manner in which these chain reaction collisions occurred is the factual issue principally in dispute, and upon the resolution of which must rest the determination of the liability of the respective parties.
Both Schwarz and Mrs. Rials testified that there was but one impact between their automobiles. Schwarz testified that the rear end of his car was struck twice by the MacDonald vehicle, the first impact being of such force as to propel him into the Rials car, and the second following almost immediately. MacDonald testified that he struck the Schwarz car after the latter had crashed into the rear of the Rials’ car.
Two police officers who were following the three cars involved in the accident at a distance of some half a block, more or less, though they did not observe the occurrence of the accident, made an immediate investigation and testified as to the physical circumstances.
The first contention made in the interest of all defendants is that Mrs. Rials was guilty of negligence, which caused or contributed to the occurrence of the accident, by bringing her car to an abrupt stop. We do not find that the facts justify such a conclusion. Mrs. Rials was driving at a moderate rate of speed in the neighborhood of 30 miles per hour, was carefully observing the traffic signals, and brought her car to a stop at the intersection without any evidence of abruptness, such as the skidding of tires.
Proceeding to a consideration of the issues of negligence as to Schwarz and MacDonald, it is to be observed that Schwarz was traveling some SO to 70 feet behind the Rials car and he, too, observed the changing traffic signal. However, he testified that he thought Mrs. Rials would continue the movement of her car through the intersection and, therefore, he did not bring his car to a stop, although he applied his brakes and believed he could have stopped had it not been for the impact of the MacDonald car. There is no question but that Schwarz had more than sufficient warning of the stopping of the Rials car to permit him to bring his car to a stop and his failure to do so under the circumstances must be construed as an act of negligence.
MacDonald’s testimony is unsatisfactory and inconsistent in a number of respects. It is evident that he was not watching the traffic signal and that he was not sufficiently vigilant in his observation of the Rials and Schwarz cars. We further think it is clear from the record that MacDonald was suffering from fatigue and, according to his own admission, the impact of the collision “woke him up.”
There was substantial damage caused to the rear end of the Rials’ car and the front end of the Schwarz car, whereas the damage to the rear end of the Schwarz and the front end of the MacDonald cars was minimal.
In view of the conflict of testimony it is difficult tO' determine, with any certainty, the exact facts involved in the chain of causation, that is, whether the Schwarz car struck the Rials’ vehicle independently of any propelling force from the MacDonald car. However, we are convinced that both Schwarz and MacDonald were guilty of acts of negligence in failing to keep their cars under proper control and to keep an adequate lookout, which acts combined to cause the collision.
It is strenuously urged by counsel for the parties defendant that the award in favor of Mrs. Rials was excessive and should be reduced. Mrs. Rials sustained a whiplash type injury of the neck and a severe blow to her chest which struck the steering post of her car, causing a painful injury to the cartilage . attaching the ribs to the sternum. As a result of the injuries *328 Mrs. Riáis was off duty for 13 working days following the accident, during which period she suffered severe pain; she administered her own traction treatment at home over intermittent periods of time during the 10 months following the accident before trial of this case. At the time of trial Mrs. Rials testified she was still suffering pain and was unable to attend to her household duties without help. Fortunately, Mrs. Rials’ professional duties as a head nurse consisted principally of supervisory activities which she was able to perform. We think the record convincingly indicates, through the testimony of her attending physicians, that Mrs. Rials’ early return to her duties and her continued performance thereof, evidenced her fortitude and determination rather than the minor nature of her injuries.
Under our appreciation of the facts of this case, we are unable to hold that the award made by the district judge was manifestly excessive.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.