BOLIN, Judge.
This is a suit brought by husband and wife for personal injury and property damage against Yellow Cab Company of Shreveport, Inc., for damages sustained as a result of an accident between two motor vehicles, one of which was being driven by Mrs. Vera Griffith, one of the plaintiffs, and the other by Charles H. Gill, who was an employee of the Cab Company and was operating one of their cabs at the time of the accident.
The accident occurred on March 27, 1959. The operator of the taxi ran a stop sign and struck the automobile being driven by Mrs. Griffith, causing damage to the Griffith car and certain physical injuries to the driver. The defendant admits that the negligence of its driver was the proximate cause of the accident and does not present the issue of negligence to this court on appeal.
Mrs. Griffith received a laceration on the right side of her nose, which required three stitches to close; general bruises on the body, some limited impairment of the function of the left arm, and a muscular and ligamental type of sprain to the cervical and thoracic spine; she was treated by Dr. J. Richard Brown and returned to her home on the day of the accident. She returned to the hospital on March 20, 1959, for further treatment for pain and remained under treatment in the hospital until April 7, 1959, at which time she was released.
The injuries sustained were not of a permanent nature, but recovery was prolonged by an osteoarthritic condition and by a health condition possibly resulting from excessive drinking. Plaintiff testified at the time of the trial that she still suffered from recurring pain in her back and neck.
The trial court found the employee of Yellow Cab Company negligent and awarded Mrs. Griffith $2,500 for her personal injuries. Also an award of $523.71 for property damage and medical bills, was made to both W. G. Griffith and Mrs. Vera B. Griffith, the latter award being made jointly because a judicial decree of separation had been granted to them before the trial on the merits.
*771 From this judgment of $523.71 in favor of W. G. Griffith and Vera B. Griffith, defendant appeals only as to the sum of $21.57, which was awarded for drug bills, on the grounds that they were not proved in the trial. The defendant also appeals from the judgment in favor of Mrs. Griffith for her personal injuries on the grounds that the same is excessive and out of line with awards granted in cases involving similar injuries. The plaintiff, Mrs. Griffith, has answered the appeal and asked that the award of $2,500 for personal injuries be increased to $7,500.
We have presented to us for decision, purely a question of the quantum to be allowed for the particular injury involved herein. In order to arrive at a proper award to be made, it is necessary to give a brief résumé of the medical testimony that was given in this connection.
The plaintiff introduced the testimony of Dr. Heinz K. Faludi, neurologist, and J. Richard Brown, a surgeon, both of Shreveport, Louisiana. Testifying for the defendant was Dr. Ray E. King, an orthopedic surgeon, of Shreveport, Louisiana. There was not a great deal of conflict in the medical testimony, as given by the above doctors. Dr. Faludi testified in open court at length as to his examination and treatment of Mrs. Griffith. But we think his conclusions may be briefly stated from the following excerpt of his testimony:
“ * * * At the time I saw her, I found some residual evidence of the cervical and thoracic sprain. It was my impression that this patient had well improved under treatment and that the residuals at the time of my examination were only mild. I felt that this patient would continue to gradually improve and I estimated that she would become symptom-free in a period of about one or two months. I did not expect any permanent disability in this patient.”
It was Dr. Brown’s conclusion that Mrs. Griffith had suffered some from her injury, but that she would recover within a few months and would have no permanent residual disability. Dr. King examined Mrs. Griffith about four months subsequent to the accident, and at that time found:
“On examination, I found no restriction of motion in the cervical spine. There was tenderness on pressure over the erector spinea muscles on the left side from the seventh cervical spinous process down to the eighth thoracic spinous process. I could feel no involuntary spasms in these muscles. There was full range of motion in both shoulders and no sensory or reflex changes in either upper extremity.
“ * * * I saw no fractures or evidence of bony trauma. The cervical films showed some arthritic lipping anteriorly on C-3, 4, and 5. There was normal cervical curve, and I considered these films essentially negative for this individual.
“* * * Well, I felt that the patient had received a muscular sprain involving the erector spinae muscles in the upper thoracic and lower cervical region most marked on the left side. I felt at the present time the symptoms were subjective and that the x-rays showed no structural changes and I felt there was no permanent residual I could demonstrate either from a clinical examination or from the x-rays.”
At the conclusion of the case in the lower court, the trial judge decided the case from the bench, and his oral reasons for judgment were transcribed and made a part of the record of the case. In his reasons for judgment he stated:
“ * * * Mrs. Griffith received painful and serious injuries but not of a permanent nature. Because of her age and other contributing factors her recovery was unusually prolonged according to the testimony. The doctors have all testified that after you
*772 reach forty, most of us have a little arthritic condition. That of course is inflamed and aggravated by an accident of this kind.
“The Plaintiff, Mrs. Griffith, suffered a back injury that disabled her; caused some inconvenience and discomfort in the hospital. According to recent cases on injuries of this type and duration, we think $2500.00 would be an adequate compensation for her injuries in that respect.”
The defendant contends that the award in this case is excessive and, therefore, should be reduced, and in connection with this contention, the following cases have been cited in support thereof: Clemens v. Southern Advance Bag & Paper Co., La.App. 2 Cir., 1944, 20 So.2d 749; Jacobs v. Landry, La.App.Orleans 1955, 82 So.2d 481; Gay v. United States Fidelity & Guaranty Co., La.App. 2 Cir., 1954, 76 So.2d 60; Costanza v. Great American Indemnity Company of New York, La.App. 2 Cir., 1956, 88 So.2d 393; Cavalier v. Nola Cabs Inc., La.App.Orleans 1957, 96 So.2d 102; Williamson v. Roberts, La.App. 2 Cir., 1958, 103 So.2d 499.
An analysis of the awards made in the above cases will show that the amounts allowed varied from a minimum of $1,000 to a maximum of $2,500. Using these cases as a basis, the counsel for the defendant, therefore, argues that the facts in the present case are similar to those in the cited cases and, therefore, the- judgment below is excessive and should be reduced.
Counsel for the plaintiff, on the other hand, has countered this argument by citing to the Court the following cases in his brief: Bartholomaus v. H. G. Hill Stores, La.App.Orleans 1957, 97 So.2d 82; Dillon v. Pope, La.App. 1 Cir., 1959, 110 So.2d 229; Steadman v. American Fidelity & Casualty Co., La.App. 2 Cir., 1959, 113 So.2d 489; Rials v. Standard Accident Insurance Company, La.App. 2 Cir., 1959, 113 So.2d 325; Harvey v. Great American Indemnity Co., La.App. 2 Cir., 1959, 110 So.2d 595; Downs v. Plartford Accident & Indemnity Co., La.App. 2 Cir., 1959, 116 So.2d 712; Watts v. Delta Fire & Casualty Co., La.App. 1 Cir., 1958, 106 So. 2d 752.
In the above cases the awards ranged from $3,000 to $6,000. Using the same logic as the defendant, counsel for the plaintiff contends that the judgment below is inadequate and should be increased.
Our courts have stated on numerous occasions, that in cases such as this there is no set formula or equation to use in establishing the proper award, but that to the contrary, each case must be decided on its own peculiar and particular facts. Our courts have also repeatedly affirmed the time-worn principle of law that judgments presenting purely questions of fact will not be reversed on appeal except where manifest error is found. With these two cardinal principles in our minds, we can see no good reason to disturb the findings of the trial judge in arriving at an award of $2,500 for the personal injury involved herein.
The defendant is also contending before this court that the total judgment below, insofar as it pertains to the award for medical expenses, was in error as to an amount of $21.57 which was awarded for drug bills, because same had not been proved. An examination of the transcript of evidence shows that Mrs. Griffith testified that she had paid drug bills at the Tri-State Drug Company for $3.72 and $17.85; and, in answer to a direct question from her counsel, she stated that these bills were incurred as a result of the accident. This testimony was offered without objection and was never contradicted in any way. We, therefore, see no error in this portion of the judgment.
For the reasons stated herein, the judgment in the lower court is affirmed, at appellant’s cost.