REGAN, Judge.
This suit was instituted by Mrs. Barbara Ann Emmons against Peter R. Bertucci and Agricultural Insurance Company, his liability insurer, endeavoring to recover damages in the amount of $5,000.00 for physical injuries incurred by her as the result of a rear-end collision which she asserts was caused by the negligence of Bertucci.
The defendants answered, generally denying the allegations of the petition and alleging that Mrs. Emmons was guilty of contributory negligence in bringing her vehicle to an unexpected stop without initially manifesting a proper signal or warning thereof.
This case was consolidated with “Stanley Emmons v. Agricultural Insurance Company et al., La.App., 163 So.2d 812” in which Mrs. Emmons’ husband seeks damages in the amount of $100,000.00 on behalf of his minor daughter for personal injuries sustained by her in the aforementioned collision as a passenger in her mother’s vehicle, and for $920.51 for himself, which amount represents damages to his automobile and medical expenses incurred by him on behalf of his wife and daughter. Named as defendants in this suit are Ber-tucci, Agricultural Insurance Company, and General Accident Fire and Life Assurance Corp., Ltd., his wife’s liability insurer.
After a trial on the merits, judgment was rendered in favor of Mrs. Emmons in the amount of $500.00, and in favor of Stanley Emmons in the amount of $100.00 on behalf of his daughter, and $609.50 for his own damages. Emmons’ suit against his wife’s liability insurer, General Accident, was dismissed.
From these judgments three appeals were prosecuted. First, an appeal was taken by Mrs. Emmons, who is endeavoring to obtain an increase in her award. This appeal was answered by Bertucci, who requests reversal of the judgment or a diminution of the award therein. Second, Em-mons appealed in an effort to have the judgment in favor of his daughter increased. However, he did not appeal from the judgment in favor of his wife’s insurer, nor did he seek an increase in the amount awarded him for property damage and medical expenses. Third, Agricultural Insurance Company appealed from both awards in favor of Emmons, asking this court to reverse the lower court’s judgment or to reduce the quantum thereof. It also appealed from that portion of the judgment which dismissed Emmons’ suit against General Accident. This court originally granted a motion to dismiss Agricultural Insurance Company’s appeal insofar as it affected General Accident,[1] but the Supreme Court granted a writ of certiorari and reinstated the appeal.[2] Consequently, General Accident remains a party to this suit.
The record reveals that the rear-end collision which provoked this litigation occurred at approximately 4:00 p. m. on November 19, 1960, in the Airline Highway, which at the situs of the accident consists of four traffic lanes, two running east and two running west. Visibility was good, and the roadway was dry.
Mrs. Emmons was operating her 1960 Pontiac station wagon in a westerly direction, or toward Baton Rouge, in the right- *816 hand lane of the highway. She testified that she was traveling at a speed of 30 to 35 miles per hour when traffic in front of her came to a stop. She applied her brakes to avoid striking the preceding vehicle, and after she had come to a full stop her station wagon was struck from the rear by Bertucci.
On the other hand, Bertucci and his wife testified that they did not see any traffic come to a stop in front of Mrs. Emmons’ vehicle. Consequently, they erroneously concluded that for no known reason Mrs. Emmons stopped suddenly and without warning, so that her actions constituted the proximate cause of the accident.
The only disinterested witness to offer evidence with respect to the manner in which the accident occurred was the investigating police officer, Herbert F. Belson, who was called to the scene after the collision. His principal contribution thereto was that the defendant’s vehicle impressed twenty-foot skid marks on the surface of the highway, thus indicating the distance traveled between the point at which Ber-tucci applied his brakes and the point of the collision.
A detailed analysis of the above testimony is unnecessary in view of the manner in which the accident occurred. There is an emphatic statutory obligation imposed upon the driver of a motor vehicle to refrain from following more closely than is reasonable and prudent in view of the speed of the preceding vehicle, the condition of the highway, and the traffic conditions existing therein.[3] The Louisiana Supreme Court has elucidated upon the obligation of the driver who follows another vehicle as follows :[4]
“It is the duty of the driver operating an automobile, upon approaching another automobile from the rear while both cars are travelling in the same direction, to exercise a great deal of care. He must look out for the person ahead, realizing that that person is engaged in handling a high-powered machine requiring constant attention and that his lookout is forward and not backward. The driver of the rear car must keep a safe distance behind the front car and must have his machine under such control as to avoid injury to the car ahead or to his own car so long as the driver of the front car is driving in accordance with his rights.”
 In view of the conflicting nature of the evidence offered to the trial court and of the duty owed by Bertucci to the vehicle preceding him, we can find no manifest error in the lower court’s conclusion that the proximate cause of the accident was the negligence of Bertucci.[5] The whole tenor of the record convinces us that the trial judge was fully justified in accepting the plaintiff’s version of the accident as opposed to that of the defendant. When the result of a case depends upon a reconciliation of conflicting evidence offered by the respective litigants, it is well settled that the judgment of the trial court will not be reversed on appeal in the absence of manifest error.[6]
This foregoing conclusion now poses for our consideration the question of the correctness of the lower court’s award of monetary damages for the injuries to Mrs. Emmons and to Debra Marie Emmons, and for Stanley Emmons’ special damages.
The lower court awarded $500.00 for Mrs. Emmons’ injuries, which were described by Dr. Irvin Cahen, an orthopedist called as a witness for the plaintiff, as a contusion of the anterior chest near *817 the sternum, a strain of the cervical dorsal ligaments, and secondary effects of a trapezoid myositis on the left side. Dr. Cahen examined Mrs. Emmons a month after the accident, and his testimony reveals that he based his conclusions primarily upon her subjective complaints. He testified that at the time of his examination she had almost recovered from her injuries.
Mrs. Emmons’ treating physician was Dr. Isadore Yaeger, whose diagnosis was substantially the same as Dr. Cahen’s. He treated Mrs. Emmons on innumerable occasions, but found no serious objective symptoms except the contusions of the chest. Moreover, while he testified that Mrs. Emmons complained of pain in the area of her neck, his records did not reveal any such complaint until almost a year after the accident.
Mrs. Emmons refused to submit to a medical examination by the defendant’s doctors until ordered to do so by the court. She was finally examined by Dr. Harry Morris, the head of the Department of Orthopedics at Ochsner Clinic, who also found no objective evidence of injury.
We have carefully analyzed the evidence inscribed in the record, and as a result thereof we are convinced that Mrs. Em-mons in fact sustained some injury in the collision. However, we do not think that the severity of these injuries would justify an increase in the lower court’s award.
Debra Marie Emmons was struck by small particles of glass and incurred very minor lacerations to her scalp, which were later treated by Mrs. Emmons with Merthiolate. Two weeks after the accident an infection was discovered in the general area of the scratches, and as a result of the infection Debra Marie temporarily lost a substantial amount of hair and permanently lost small amounts of certain portions of hair on the back of her head. The lower court concluded that the plaintiff did not carry the burden of establishing a causal connection between the accident and the subsequent infection, and awarded $100.00 for the scratches received by Debra Marie.
An analysis of the medical testimony offered in Debra Marie’s behalf reveals a conflict therein as to the actual cause of the infection. Dr. Arthur Stamler, a pediatrician, saw Debra Marie fourteen days after the accident and concluded that her condition was Impetigo, a bacterial infection commonly known as “Indian Fire”. On the other hand, Dr. V. Medd Hening-ton, a dermatologist, diagnosed her ailment as a fungus infection in the nature of ringworm. However, the testimony of both physicians coincide to the effect that the infection, whether it be bacterial or fungicidal in nature, could have been introduced onto Debra Marie’s scalp from any number of sources besides the broken glass. Nowhere in the record is there a scintilla of evidence to correlate the child’s scalp infection with the cuts received by her in the accident, except the mere coincidence that the infection manifested itself in the general area of the cuts approximately fourteen days subsequent to the collision. Under such circumstances, we must agree with the lower court’s reasoning that the plaintiff did not carry the burden of proving a causal connection between the accident and the infection.
Agricultural Insurance Company further contends that the judgment rendered in favor of Stanley Emmons for medical expenditures incurred by him on behalf of his wife and daughter is excessive. While we believe that all medical expenses incurred on behalf of Mrs. Emmons are recoverable, we are of the opinion that the plaintiff has failed to show a causal connection between the accident and Debra Marie’s scalp infection which precludes our placing the responsibility for the treatment thereof upon the defendants. Therefore, the amount of the medical bills expended for the treatment of Debra Marie’s scalp infection will *818 be deducted from the judgment originally-rendered in favor of Stanley Emmons.[7]
For the foregoing reasons, the judgment of the lower court in the case of Mrs. Barbara Ann Emmons v. Peter R. Bertucci is hereby affirmed. All costs of this appeal are to be paid by the plaintiff herein.
Affirmed.

. La.App., 150 So.2d 94.

. 245 La. 411, 158 So.2d 594.

. LSA-R.S. 32:81, subd. A.

. Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165.

. See Rouyer v. Horil, La.App., 83 So.2d 396.

. Second Church of Christ, Scientist v. Spencer, 230 La. 432, 88 So.2d 810; Holmes v. Triggs, 214 La. 1083, 39 So. 2d 739.

. For decree in the case of Stanley Em-mons v. Agricultural Insurance Company, Peter R. Bertucci, and General Accident Fire and Life Assurance Corp. Ltd., see companion ease designated as No. 996.