GLADNEY, Judge.
This action in tort seeks recovery for personal injuries and community expenses allegedly sustained as a result of an accident involving plaintiffs’ automobile at the Kroger Shopping Center in Bossier City on the night of February 22, 1964. Plaintiffs, Dorothy E. Phillips and Claude B. Phillips, husband and wife, named as defendants W. L. S. Investment Company, Inc., owner of the center and its liability insurer, Insurance Company of North America. After trial judgment was rendered in favor of plaintiffs and defendants have lodged this appeal.
On the night aforesaid Mrs. Phillips, alone in her automobile, drove into the southwest entrance of the large parking area which surrounds the establishments located therein to go to Naremore’s Drug Store located on the opposite side of the parking area. After proceeding some distance at a rate of speed which she estimated to be some ten to fifteen miles per hour, her automobile ran over a six inch curb and dropped approximately eighteen inches to the unpaved bed of a railroad spur track which bisected the parking area. Except for several paved crossings spaced at intervals of approximately thirty feet, the right-of-way is unpaved leaving unpaved1 “pockets” or “islands”, the surface of which was eighteen inches below the paved surface of the parking area. Separating the “islands” from the parking area are curbs painted yellow six inches in height above the pavement. The parking area is marked with yellow lines to delineate parking spaces- and passageways for vehicular traffic. The traffic lanes which lead across the right-of-way do not line up with the lanes on the opposite side and thus create offsets. Near the locus of the accident are two lights each approximately sixty feet from the point where the automobile ran into the unpaved portion of the right-of-way.
*448 Mrs. Phillips testified that she drove her automobile into the parking area with the intention of going to Naremore’s Drug Store for the purpose of having a prescription filled; that it was the first time foi her to enter from this portion of the parking area and, as she was unaware of the danger created by the spur track, she assumed she could proceed safely to her destination; that she did not see the curbing nor the “islands” in the right-of-way and suddenly her automobile dropped from the pavement to the unpaved portion of the railroad track. The entire length of the automobile entered the “island” with its bumper resting against the edge of the pavement on the opposite side of the spur track.
Appellants argue that the trial court erred in finding the defendants negligent and in failing to sustain their special plea of contributory negligence, which primarily charges that Mrs. Phillips failed to see that which she should have seen and failed to have her automobile under proper control. It is contended that the area was properly designed and that if Mrs. Phillips had been making proper observation she would not have failed to observe curbs painted yellow which were placed for the purpose of obstructing any vehicle attempting to enter the unpaved portions of the spur track.
In assessing fault against the defendants the trial judge appropriately disposed of the contentions urged by the appellants and we approve of his findings, parts of which we quote:
“We have no difficulty in finding as a matter of fact that the existence of a hole in a broad concrete parking lot, a hole measuring twenty feet across by forty feet in length located in such a way that the holes alternated with crossings over a concrete parking lot constituted the construction of a trap. The only guard between the parking lot and the hole, the railroad track, was a yellow curb six inches high.
“The maps that have been drawn may not accurately indicate the relative locations of these holes in the parking lot with their position to the traffic lanes or traffic lanes as designed by the architect or engineers. Nevertheless, the evidence is that there were no other automobiles in this parking lot; that it was at night time, and that the only markings in the area besides the yellow concrete curb around these holes and the yellow curb around the light standards were yellow lines for the purpose of locating parking in this portion of the parking lot. There were no curbs, according to the testimony, to govern the flow of traffic in this portion of the parking lot. There was no well delineated or well lighted or well designed traffic lane or thoroughfare which led across a marked opening or a marked crossing across the spur track.
“One thing to consider in deciding whether or not a construction is negligent is the difficulty of making a construction that would be adequate warning to any and all persons as a danger alert beyond a certain line. In this case it would have been a fairly simple and relatively inexpensive matter to have constructed a barricade similar to any kind of barricade that is frequently seen in many places, such as a highway, a barricade used during the construction of highways to indicate to persons that this was no thoroughfare in this place across the spur track. The existence of certain parking lanes all drawn in yellow could very easily have confused a stranger at night. And there was no other warning than the yellow line to indicate that there was something beyond this curb. If the curb itself had been the only obstacle in plaintiff’s path no doubt there would have been no accident and no injury. Many people run over curbs without anything further, any further incident. The damage was done in this case by the contents of the island, the thing that was in between these curb lines, an eighteen inch drop on one side of the curb, cross-ties, we suppose, and railroad tracks on the spur track, and another specific drop on the other side of the spur track. In the course of driving it can be anticipated in any area where there are automobiles being driven by people who are *449 familiar or not with the area that automobiles are likely to travel wherever they can travel and will run over curb lines unless they are adequately marked. A reasonable person would have to believe that sooner or later in daylight or dark someone would put his automobile over this curb line into the place where Mrs. Phillips put her automobile.
“Therefore, we find that, since it is foreseeable that a driver was likely to jump the curb, and, since it would have been relatively easy and inexpensive to avoid this probability, the defendant was negligent in constructing and maintaining this crossing in the manner in which the plaintiff found it. We, therefore, find liability against the defendant and for the plaintiff.”
The defendants have likewise complained as to the amount of the damages awarded, Mrs. Phillips having been awarded $3,500.00 and Mr. Phillips $981.00 as community expenses. The contention so made is that a substantial portion of the award in favor of Mrs. Phillips was due to a preexisting back condition and that the evidence does not indicate that her back injury was aggravated by the accident. After consideration of the medical testimony, and particularly the testimony of Dr. Charles E. Lee, a dentist, and Dr. Frederick C. Boykin, neurosurgeon, the only medical evidence presented, we are of the opinion that the damages were neither inadequate nor excessive. Dr. Lee testified that upon his examination of Mrs. Phillips on the night of the accident, he found abrasions about the face with swollen lips; her upper dentures were broken in half and although sutures were not required, Mrs. Phillips’ injuries were painful. Dr. Boykin performed an operation on Mrs. Phillips on May 15, 1964 for a herniated pulposus at the 1^5 — S-l right. She was discharged from the hospital on May 22, 1964 as ambulatory and her convalescence thereafter was excellent. Dr. Boykin expressed the opinion that the accident did aggravate her lower back complaints. Mrs. Phillips conceded that she had a chronic back condition from which she suffered at intervals but testified that following the accident her pain was constant and necessitated the operation which followed lumbar myelography, indicating involvement of the area of the spine at L-5 — ■ S-l and L-4 — 1^5. The trial court considered this evidence and concluded Mrs. Phillips’ back condition was aggravated as a result of the accident.
The findings of the trial judge relate primarily to factual questions and present a proper place for the application of the rule that the judgment of the trial court therein will not be disturbed by the appellate court in the absence of manifest error: Moore v. LeLong, 226 La. 962, 77 So.2d 729 (1955); Olivier v. Abunza, 226 La. 456, 76 So.2d 528 (1954); Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952) ; Fleury v. Ramos, 218 La. 293, 49 So.2d 17 (1950); Roy v. Louisiana State Department of Agriculture & Immigration, 216 La. 699, 44 So.2d 822 (1950); Holmes v. Triggs, 214 La. 1083, 39 So.2d 739 (1949).
Finding no error in the judgment from which the defendants have appealed, it is affirmed at appellants’ cost.