GLADNEY, Judge.
This is a suit for personal injuries arising from the intentional torts of assault and battery allegedly committed by the defendant, Mrs. Vera Reeves, on each of the plaintiffs individually. Judgment was rendered in favor of plaintiffs, this appeal was taken by the defendants, and an answer to the appeal was filed by plaintiffs.
For several years defendants had operated a store known as Reeves’ Grocery on the west side of Lake Bistineau in Bossier Parish, which they managed under a profit sharing agreement with the lessee of the building. On or about August 12, 1963 it was agreed by the lessee, defendants and Mr. and Mrs. Crowell that the Crowells would assume management of the store. At this time it was also agreed among these parties that the defendants would assist the Crowells in becoming familiar with the duties of operating the store. Discord developed concerning the supervision and intervention of the defendants in the management of the business. On the afternoon of September 1, 1963, during the Labor Day weekend, the friction between the Crowells and the defendants climaxed in the Crow-ells’ living quarters in the rear of the store building. The Crowells’ children and grandchildren were spending the weekend with the Crowells, and the defendants objected to the confusion these guests created in the management of the store. At approximately 2:30 P.M. Mrs. Reeves arrived at the store, and shortly thereafter an altercation and affray occurred.
The plaintiff, Garnet Brady, contends that she was struck at least twice by Mrs. Reeves. The plaintiff, Carlos Brady, alleges that he was burned by a cup of hot *447 coffee that Mrs. Reeves threw on him, and that his infant son, Timothy, was struck on the forehead by the coffee cup thrown by Mrs. Reeves. Mrs. Crowell contends that she was struck above her left eye by an ash tray thrown by Mrs. Reeves, which broke her eye glasses. Mr. Crowell sues on behalf of the community existing between him and Mrs. Crowell to recover the community expenses related to the injuries sustained by Mrs. Crowell.
The issues presented are purely factual, and it is well established in the jurisprudence of this state that conclusions of fact reached by the trial court in its judgment will not be disturbed unless manifestly erroneous. Holmes v. Triggs, 214 La. 1083, 39 So.2d 739 (1949); Schutzman v. Munson, La.App., 51 So.2d 125 (1st Cir. 1951); 2A La.Dig., Appeal and Error @^625 and authorities cited thereunder. This principle recognizes the advantages the trial court enjoys by observing the demeanor of witnesses and hearing their testimony in its appraisement of the credibility of conflicting assertions. The plaintiffs’ version of the affray, substantially accepted by the trial court, is corroborated by testimony adduced at trial, and by admissions made by Mrs. Reeves that she might have lost control of herself, and that she might have thrown the. cup of coffee.
The district court rendered judgment for plaintiffs and against defendants in the following amounts: $122.91 to Mr. O. D. Crowell representing community expenses incurred in the treatment of Mrs. Crowell; $500.00 to Mrs. Edna Crowell for the injuries she sustained; $200.00 to Garnett Brady for the injuries she sustained; $200.-00 to Carlos Brady for the injuries he sustained, and $200.00 to Carlos Brady on behalf of his infant son Timothy for the injuries he sustained. This judgment in these amounts, with legal interest from January 6, 1964 until paid, is affirmed.
Costs of this appeal are to be paid by appellants.