CUTRER, Judge.
This suit arises out of a motor vehicle collision involving an automobile being driven by plaintiff, Mrs. Dorotha Mc-Croskey, and one driven by John D. Branch and owned by his father, J. H. Branch.
The trial court rendered judgment in favor of plaintiff, Mrs. McCroskey, in the amount of $2,500 for personal injuries and in favor of her husband, Kenneth R. Mc-Croskey in the amount of $330.00 for special damages. Defendant prosecutes this appeal and maintains that the trial court erred in its conclusion that the point of collision was in Mrs. McCroskey’s lane of traffic. De *9 fendant further contends that there was no negligence on the part of Mr, Branch, that alternatively Mrs. McCroskey was guilty of contributory negligence. Issue is also taken with the trial court’s assessment of damages.
To determine the liability of defendants we must first decide in which lane of traffic the accident occurred.
The accident occurred shortly after 8:00 A.M. on February 15, 1966 at the intersection of Aster Street and River Road in Baton Rouge, Louisiana. River Road runs in a north and south direction and is intersected from the east by Aster Street, forming a “T” intersection. A short distance north of this intersection, a drive leading from the College Park Apartments intersects the River Road, forming another “T” intersection.
Mrs. McCroskey, accompanied by a guest passenger, Mr. Charles Miller, entered River Road from the College Park Apartments driveway. At this point she observed the Branch vehicle approaching from two to three hundred feet away. She proceeded south on River Road at approximately 15 miles per hour. The evidence discloses that it was raining at the time of the accident. Plaintiff contemplated a left turn into Aster Street. As she arrived at the intersection she was struck by the Branch vehicle when the latter attempted a passing maneuver. Damage to McCroskey’s automobile spanned from the left rear bumper to the left front fender, causing chrome, hubcaps and the rear view mirror to be stripped off. The left front fender of the McCroskey vehicle received heavy damage.
Mrs. McCroskey testified that she had not crossed the center line of River Road, which is 20 feet in width, at the time of the collision. Mr: Miller testified that the accident occurred in the southbound lane, the lane in which he and Mrs. McCroskey were travelling. However, Mr. and Mrs. Branch stated that the accident occurred in the northbound lane, the lane in which their vehicle was located as it attempted to pass Mrs. McCroskey. Branch testified that as his vehicle pulled alongside the McCroskey car, Mrs. McCroskey turned into him. Mrs. Branch stated that as their car pulled up alongside the Branch vehicle, she and Mrs. McCroskey were looking toward each other when Mrs. McCroskey suddenly turned into them. Mud and other debris was located in the southbound lane of traffic. This was testified to by the investigating officer and Mr. Miller. With regard to the foregoing testimony, the trial court made the following observation, with which we concur:
“The court would be obliged to give equal weight to the testimony of the two witnesses for defendant and the two witnesses for plaintiff, but we have here the testimony of the investigating officer whose duty it was and who performed that duty of establishing the point of collision. He established the point of collision as eight feet east of the west line of old River Road and twelve feet west of the east line of old River Road, which means that the road was twenty feet in width and that the collision occurred two feet from the center line over in the southbound lane. It has been suggested that he must have made a mistake and that he admitted he fixed that point only by observing some mud. He stated very frankly that he could not remember all the details of that investigation, but he did say that he fixed points of collision by observing mud or any other type of debris. Other testimony has shown that there was other debris. I do not understand that the officer stated he did not see any other debris, but I rather understood him to say that if there was any other debris there he did see it but did not today remember exactly what it was. That simply means that, in the court’s opinion, it has been shown by a preponderance of the evidence that this collision occurred in the southbound lane of old River Road, the lane in which Mrs. Mc-Croskey was traveling.”
*10 LSA-R.S. 32:73 sets forth the requirements which govern the overtaking and passing of vehicles:
“§ 73. Passing a vehicle on the left
The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:
(1) Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.”
In view of the conflicting nature of the evidence offered to the trial court and of the duty owed by Branch to the vehicle preceeding him, we can find no manifest error in the lower court’s conclusion that the proximate cause of the accident was the negligence of Branch. A careful reading of the record convinces us that the trial judge was fully justified in accepting the plaintiff’s version of the accident as opposed to that of the defendant. When the outcome of the case depends upon the trial judge’s determination of matters involving purely factual issues, it is well settled that the judgment of the trial court will not be disturbed in the absence of manifest error. Second Church of Christ, Scientist v. Spencer, 230 La. 432, 88 So.2d 810; Griffith v. Yellow Cab Company of Shreveport, Inc., La.App., 123 So.2d 769; Harness v. Toy Bros. Yellow Cab Co., La. App., 170 So.2d 737; Emmons v. Bertucci, La.App., 163 So.2d 814.
We now advert to the question of quantum. Three days after the occurrence of the accident, Mrs. McCroskey consulted Dr. Charles McVea. She saw Dr. McVea again on the following dates: February 22, 1966, March 10, 1966, December 1, 1966, and March 23, 1967.
Dr. McVea stated that as a result of the accident, Mrs. McCroskey had injured her left hip, back, and neck. X-rays were taken and revealed no fractures or dislocations.
On March 10, 1966 Mrs. McCroskey was considerably upset and nervous and complained of neck pain and a numbing sensation on the left side of her face. Due to her nervous condition and persistent pain, Dr. McVea referred Mrs. McCroskey to Drs. Nelda Faye Stafford and Sidney Mack, both highly competent internists. The report of Dr. Stafford shows that she saw Mrs. McCroskey on March 17th, March 24th and April Sth. On April 5, 1966, the final visit, Dr. Stafford stated that although the patient was feeling much better, she still complained of an occasional pain in the left side of her neck followed by a tingling sensation on the left side of her face.
In essence, Mrs. McCroskey suffered a cervical strain, fibrositis (inflammation of tissue) and a contusion of the left hip which gave her discomfort for a significant period of time. On March 23, 1967, her final visit to Dr. McVea, Mrs. McCroskey still experienced trouble with her neck and hip. Whether or not the numbing sensation to Mrs. McCroskey’s face can be attributed to the accident has not been discerned.
The trial judge felt that under the circumstances of the case an award of $2500.00 would be adequate. It is well settled that the trial judge is vested with a great deal of discretion with regard to the assessment of damages. A reading of the record does not disclose an abuse of that discretion.
For the above and foregoing reasons, the judgment of the trial court is hereby affirmed.
Affirmed.