MOISE, Justice.
 

 The plaintiff filed suit against her husband for separation from bed and board on the ground of cruel treatment. The defendant husband set up a reconventional demand for a like decree on the ground of abandonment. From an adverse judgment on a rule for alimony, plaintiff wife appeals. The husband is appealing from the judgment of separation from bed and board.
 

 Plaintiff’s complaint is based on two separate acts of cruelty during the months of November and December, 1950. A repetition of these facts would serve no useful purpose, the learned trial judge having stated in his reasons for judgment that the proof submitted established the facts alleged with reasonable certainty and, that although he was convinced that both parties were at fault, he believed the fault of the defendant husband far outweighed that of plaintiff. While we adhere to the rule that his judgment on a question of fact should not be disturbed unless manifestly erroneous, we, however, are not in accord with his finding that the plaintiff wife was not entitled to alimony, under the circumstances.
 

 The appeals raise two questions:
 

 1. Should the doctrine of comparative rectitude have been applied, and
 

 2. Did the fault on the part of the wife justify the refusal of alimony?
 

 In 27 C.J.S., Divorce, § 67 Recrimination, pages 623, 624, we find:
 

 “A divorce ordinarily will not be granted where both parties are equally at fault.
 

 “As a general rule, sometimes declared by statute, divorce is a remedy for the innocent against the guilty; hence, if both parties are equally at fault, a divorce will not be granted. If the conduct of both parties has been such as to furnish grounds for divorce,
 
 *334
 
 neither of the parties is entitled to relief, or, as the rule sometimes is expressed, if both parties have a right a divorce, neither of the parties has..
 

 “This is known as the doctrine of recrimination, and rests on the .equitable maxim that he who comes into equity must come with clean hands, and on the concept that "he who seeks redress for the violation of a contract resting on- mutual and dependent covenants must himself have performed the obligations on his part. * * *
 

 “Comparative rectitude.
 
 In some jurisdictions the rule regarding recrimination has sometimes been relaxed on grounds of public policy or the peculiar exigencies of the case, and comparative rectitude is considered, but in other jurisdictions it has been expressly ruled that the doctrine of comparative rectitude or guilt does not prevail.”
 

 The Louisiana rule is that while mutual,
 
 equal
 
 fault operates as a bar to relief being given to either litigant, the courts consider in each case
 
 the degree of guilt, and only where there is a finding of fact that the degree of guilt has been equal is the suit dismissed.
 
 The rule of comparative rectitude has been impliedly recognized. Each case, ‘however, stands on its own particular set of facts.
 

 In Snell v. Aucoin, 158 La. 767, 776, 104 So. 709, 712, we find:
 

 “We have read the record carefully, and from a consideration of all of the testimony offered in the cáse we have reached the deliberate conclusion that the plaintiff and defendant are each chargeable with acts of omission and commission towards each other, of mutual wrongs of a like character and proportional degree.
 

 “ ‘The law which provides for a separation from bed and board in certain cases is-made for the relief of the oppressed party, not for interfering in quarrels where both parties commit reciprocal excesses and outrages.’ Trowbridge v. Carlin, 12 La.Ann. 882; De Lalande v. Jose [Jore], 5 La.Ann. [32] 33; Naulet v. Dubois, 6 La.Ann. 403; Castanedo v. Fortier, 34 La.Ann. 135; Amy v. Berard, 49 La.Ann. 897, 22 So. 48; Durand v. Her Husband, 4 Mart.; O.S., 174.
 

 “Where the spouses are guilty of mutual wrongs towards each other of the same character and so proportional that it is difficult to ascertain which party is mainly at fault, the courts will not interfere or grant relief to either. Werner v. Kelly, 9 La.Ann. 60; Thomas v. Tilleu, 13 La.Ann. 127; Dillon v. Dillon, 32 La.Ann. 643; Machado v. Bonet, 39 La.Ann. 475, 2 So. 49; Duhon v. Duhon, 110 La. [240] 242, 34 So. 428; Ducros v. Ducros, 156 La. [1033] 1034, 101 So. 407.”
 

 We also subscribe to the theory of justification by acts of the other spouse of conduct complained of as cruel, Silva v.
 
 *336
 
 Miramon, 156 La. 360, 100 So. 528, where the husband’s open and blatant courtship of another woman (whose spouse had divorced her, naming the husband as co-respondent) was held to be justification for the verbal and physical violence on the part of his wife. In Armentor v. Gondron, 184 La. 922, 168 So. 102, it was held that the husband was justified in losing his temper, grasping his wife by the arm, calling her a “s. o. b.” and slapping her in the face, when she refused to live with him, declared that she did not love him and that he was not good enough for her. Where the trial judge found as a fact that the fault of the husband far outweighed that of the wife, this was an affirmance of the Louisiana rule as to proportional degree of fault. In the instant case the trial judge found that “ * * * both parties were at fault, though I believe the fault of defendant far outweighs that of plaintiff.”
 

 During the pendency of the suit there was a consent judgment for alimony of $100 per month; and a short time later alimony was reduced to $75 per month.
 

 Article 120 of the Revised Civil Code provides for the obligation of the husband during the marriage. He is obliged to receive the wife and to furnish her with whatever is required for the convenience of life in proportion to his means and condition.
 

 “Article 148 of the [Revised] Civil Code declares that, in a suit for separation from bed and board, or for divorce, if the wife, whether she be plaintiff or defendant, has not a sufficient income for her maintenance during the pendency of the suit, the judge shall allow her a sum for her support, proportioned to her needs and to the means of her husband. That is the authority for the courts to allow alimony pendente lite in this state. The right of the wife to such alimony does not depend at all upon the merits of the suit for separation from bed and board, or for divorce, or upon the actual or prospective outcome of the suit. The reason for that is that an order to pay alimony pendente lite is merely an enforcement of the obligation of the husband to support his wife as long as the marriage remains undissolved. LeBeau v. Trudeau, 1 Mart., N.S., 93; Holbrook v. Holbrook, 32 La.Ann. 13; Suberville v. Adams, 46 La.Ann. 119, 14 So. 518; State ex rel. Huber v. King, Judge, 49 La.Ann. 1503, 22 So. 887; State ex rel. Hill v. Judge, 114 La. 44, 38 So. 14; Nissen v. Farquhar, 121 La. 642, 46 So. 679; Donnels v. Bouillion, 165 La. 145, 115 So. 439; Brouilette v. Mallet, 180 La. 787, 157 So. 594; Anzalone v. Anzalone, 182 La. 234, 161 So. 594; Arnold v. Arnold, 186 La. 323, 172 So. 172; Cotton v. Wright, 189 La. 686, 180 So. 487.” Grisamore v. Grisamore, 191 La. 770, 773, 774, 186 So. 98.
 

 A judgment requiring payment of alimony pendente lite is automatically terminated and is of no further force or effect after rendition of final divorce decree. Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516.
 

 
 *338
 
 For these reasons, the judgment of the district court decreeing a separation from bed and board is affirmed, and the judgment denying alimony pendente lite is reversed, annulled and set aside, and the judgment for alimony at the rate of $75 per month pendente lite is reinstated; the defendant to pay all costs of this appeal.