HAWTHORNE, Justice.
Plaintiff, Mrs. Blanche Vinot Schaneville, has appealed from a judgment dismissing her suit against her husband for separation on the ground of cruel treatment.
In her petition she alleged that for approximately six months prior to the separation and the filing of her suit the conduct of her husband was so cruel and inhuman as to render the continuation of the marriage insupportable; that for this period he almost daily cursed, abused, insulted, and defamed her; that he forbade her to leave the house and took her car keys to prevent her from so doing; that, particularly, on July 5, 1951, he insulted, cursed, and struck her in the face, and, further, that on September 9 he again cursed and abused her, forbade her to leave the house, and struck her several hard blows on the arm with his fists.
The defendant in his answer denied these alleged acts of cruelty, averred that the plaintiff had not been a dutiful wife but had been “guilty of misconduct with one Frank Darsam”, and prayed for judgment dismissing her suit.
As often happens in cases of this nature, the testimony of the respective parties is in conflict, the wife testifying to the alleged cruel acts, the husband denying them. Defendant denied that he insulted, cursed, and struck his wife on July 5, and the plaintiff herself, although she contended that in fact he did strike her, did not recall the cause or subject of the argument which led to his striking her. We have serious doubt that the proof is sufficient to establish this incident. Defendant also testified, and we believe he was speaking the truth, that most of the arguments and quarrels arose because of the wife’s persistent misconduct with Darsam. He admitted that on September 9 he struck his wife on the arm, but stated that he dealt her a very light blow - and then only after she had thrown a jar of cold cream at him.
. After considering all the testimony we are convinced that the root of the contro *559 versies or disputes between these parties was the wife’s conduct with Frank Darsam, and that difficulties began to occur between Mr. and Mrs. Schaneville after Darsam entered the scene. There were rumors and gossip in the community in which these parties lived about the affair and relationship between the. plaintiff and this man. Over her husband’s protests she persisted in- going often, unaccompanied by him, to a place of entertainment where-she could meet and see Darsam, and there is some evidence that Darsam on several occasions visited their home in the absence of the husband. The plaintiff sometimes met Darsam in New Orleans, and on one afternoon they were discovered embracing in a parked automobile in City Park.
The record as a whole presents a picture of a wife persistently and indiscreetly indulging in an extramarital flirtation (to put it mildly) and a husband stirred by her misconduct into fits of anger which led to his 'voicing his indignation and resentment against her. In substance, the husband’s conduct of which the wife complains was provoked by her own misconduct, and therefore his acts are not treatment so cruel and inhuman as to render the continuation of the marriage insupportable and thus furnish grounds for a separation from bed and board. See Silva v. Miramon, 156 La. 360, 100 So. 528.
For the reasons assigned, the judgment appealed from is affirmed, appellant to pay - all costs.