LANDRY, Judge.
These two actions, consolidated both on trial and appeal, consist of suit and counter suit between husband and wife for absolute divorce and separation a mensa et thoro, respectively. The suit of the husband, Hobart O. Pardue, Jr. (hereinafter referred to simply as “plaintiff”) prays for final divorce on the ground of alleged adultery while the counter action thereto by the wife, Katherine Ann Robinson Pardue (hereinafter referred to simply as “defendant”) asks for judgment in her favor decreeing a separation from bed and board between the parties on the ground of asserted cruel treatment.
After trial on the merits the learned trial court rendered a written but unsigned judgment which appears in the record of this case decreeing judgment in favor of plaintiff husband, granting him an absolute divorce from defendant wife and rejecting defendant’s suit for separation a mensa et thoro. Before formal judgment to the foregoing effect was signed, defendant made application for and was granted a new trial. On retrial no additional testimony was taken, the rehearing being submitted solely on oral argument and the evidence adduced during the initial trial. Subsequently the learned trial court rendered written reasons for and signed a formal judgment recalling and setting aside the former unsigned judgment in favor of plaintiff, entered judgment for defendant decreeing a separation from bed and board between the parties hereto. From this latter judgment plaintiff has taken this appeal contending the judgment of the trial court in awarding defendant judgment of separation a mensa et thoro is erroneous and should be set aside inasmuch as any mistreatment of defendant by plaintiff was provoked by defendant and, therefore, justified and not grounds for a judicial separation. Plaintiff also contends the trial court erred in rejecting his action for absolute divorce inasmuch as the record (according to plaintiff) clearly establishes the adultery alleged. He asks that this court set aside the judgment of the lower court rejecting his claim and render judgment in his favor decreeing the absolute divorce for which he prays.
Plaintiff’s petition for divorce on the ground of adultery alleges a single act of infidelity asserted to have been committed by defendant with one Herman Baird on the night of August IS, 1959, in an automobile parked in front of plaintiff’s home in the *118 Town of Springfield, Louisiana. It is further alleged plaintiff did not learn of said act of infidelity on the part of defendant until knowledge thereof was imparted to him subsequent to the voluntary separation which occurred between plaintiff and defendant on January 17, 1960.
The action of defendant for separation from bed and board is predicated upon plaintiff’s alleged habitual overindulgence in alcohol and his repeated physical abuse of defendant by slapping and otherwise physically mistreating her.
Considering first the evidence relative to defendant’s alleged cruel treatment at the hands of plaintiff, we find defendant’s testimony to the effect that on or about September 13, 1959, plaintiff returned home late at night in an intoxicated condition and insisted that defendant arise from bed and prepare something for him to eat. Upon her refusal because of the lateness of the hour, plaintiff struck her and then kicked her in the abdomen knocking her out of bed onto the floor. Defendant maintains she was then pregnant and the aforesaid physical abuse caused her to commence “flooding” shortly thereafter. She further contends that despite this development plaintiff refused to permit her to consult a physician with the result that she suffered a miscarriage and subsequent hemorrhaging. Additionally, defendant testified that on the night of January 17, 1960, plaintiff and Herman Baird had been drinking together in the Pardue home and that Baird left around 7:00 P.M. by which time plaintiff had become quite intoxicated. Later that night plaintiff began beating defendant for no apparent reason and defendant’s screams attracted the attention of Baird who lived nearby and who was passing the Pardue home at the time. Hearing defendant’s screams, Baird entered the home, became engaged in a fight with plaintiff, knocked plaintiff to the floor and began pummelling plaintiff at which point defendant separated the combatants. Following the aforesaid events plaintiff, defendant and Baird began a discussion of Baird’s interest in defendant during which Baird frankly admitted he was in love with defendant. Plaintiff then told defendant that if defendant desired to leave with Baird plaintiff had no objection and that defendant could pack her clothes and leave. Defendant then told plaintiff that in view of the treatment she had received she wished to leave and did in fact leave with Baird, it being conceded by all parties that plaintiff drove defendant and Baird to the bus station that same night. Except for the two specific instances shown, defendant’s testimony as to physical abuse by plaintiff is extremely vague and uncertain. In this regard, her testimony is merely to the effect that plaintiff was inclined to slap or strike her whenever plaintiff drank to excess which according to defendant, was quite frequent. Notwithstanding the frequency and regularity of such alleged mistreatment the record is barren of evidence to the effect defendant complained thereof to anyone.
Defendant acknowledges that upon leaving her home with Baird she accompanied him first to New Orleans, Louisiana, and subsequently to Baton Rouge in which city she occupied, for a period of three days, a hotel room procured for her by Baird. Defendant denied sharing Baird’s room and although she freely professed her love for Baird (as well as her occupancy of a room adjoining his), she nevertheless stoutly maintains she never committed an act of adultery with Baird at any time whatsoever.
Plaintiff denied ever striking defendant without provocation. He did, however, admit having struck defendant under the following circumstances: Early one morning-plaintiff awoke and discovered that defendant was not in bed. Plaintiff arose, searched the house and not finding defendant on the-premises began to make coffee. While plaintiff was so engaged defendant entered the house attired in a blouse and pants which were wet and muddy. Defendant explained her absence and the condition of her clothing by stating she had been outside “walking around”. Plaintiff suspect *119 ing. that defendant was guilty of a clandestine meeting with Baird became infuriated and slapped defendant two or three times. Plaintiff denied having struck defendant on any other occasion excepting one instance when, as they were riding in the family car, defendant grabbed the steering wheel and plaintiff fearful that an accident would result, slapped defendant. He expressly denied having struck defendant •on the night of September 13, 1959, and further denied she was pregnant at the time ■or that he ever declined to permit her to .seek medical attention.
Concerning the events which transpired in his home the night of January 17, 1960, •culminating in defendant’s leaving the residence with Baird, plaintiff testified that on this occasion Baird, a frequent visitor to plaintiff’s home, had visited plaintiff and defendant earlier in the evening and had been drinking heavily. At about 7:00 P.M. Baird left in an intoxicated condition and later, as plaintiff and defendant were partially undressed preparing to retire, Baird after knocking only once or twice entered plaintiff’s bedroom. Plaintiff remonstrated with Baird about entering the privacy of his bedroom under such circumstances and an argument and altercation ensued during which Baird knocked plaintiff to the floor and began beating plaintiff. According to plaintiff, defendant showed no concern for plaintiff but rather upbraided plaintiff after she pulled Baird off plaintiff. Plaintiff then began to discuss with Baird the latter’s intentions toward the former’s wife and defendant then expressed the desire to leave with Baird if Baird would have her. To this proposal Baird readily agreed whereupon Baird left to pack his clothes returning later to get defendant who meanwhile had prepared to leave the home. On Baird’s return plaintiff drove defendant and Baird to the bus station where they boarded a bus for New Orleans, Louisiana.
The record as a whole fails to convince us that defendant wife has proven her .allegations of cruelty by that fair preponderance of the evidence which the law requires. The only direct evidence of such conduct on the part of plaintiff is to be found in the testimony of defendant herself. The two specific instances mentioned by defendant are without corroboration and are expressly denied by plaintiff herein. Of particular significance, as previously stated, is the fact that the record is barren of any complaint of abuse by defendant to any member of her family or any friend, neighbor or acquaintance. Defendant’s failure to complain of such ill-treatment over the protracted period during which she alleges to have endured same is indeed strange and unusual.
We believe the record fairly discloses that plaintiff did on perhaps two or three occasions slap defendant. We are constrained to conclude, however, that under the facts and circumstances of this case his actions in this regard were sufficiently provoked to justify same. It is the well settled law of this state that conduct provoked by the action of a spouse may not be relied upon as ground for a separation a mensa et thoro. Schaneville v. Schaneville, 223 La. 556, 66 So.2d 335; Armentor v. Gondron, 184 La. 922, 168 So. 102; Abele v. Barker, 200 La. 125, 7 So.2d 684; Eals v. Swan, 221 La. 329, 59 So.2d 409.
The reasons given by the learned trial court for judgment in favor of defendant wife recognizes that strong evidence of adultery on the part of defendant appears in the record. She felt, however, that despite this circumstance a reconciliation might perhaps be effected between the parties provided defendant were granted a judgment of separation from bed and board instead of being branded an adulteress. As laudable as said motive is conceded to be, it, nevertheless, led the esteemed trial court into error for the judgment in favor of defendant wife is not supported by a preponderance of the evidence and, therefore, must be set aside.
Adverting to the evidence introduced by plaintiff in proof of the act of adultery al *120 legedly committed by defendant on August 15, 1959, it appears that plaintiff did not become aware of said conduct on the part of defendant until subsequent to the separation which occurred between the parties on January 17, 1960. It further appears that following said separation the witnesses to said improper conduct on the part of defendant made known its occurrence to plaintiff. Both said witnesses testified on the trial of this case and stated that they hesitated to inform plaintiff of the incident prior to the separation between plaintiff and defendant but after the separation they considered it their duty to impart this knowledge to plaintiff.
We deem it unnecessary to set forth the details of the incident as shown in the record of this case. It suffices to say that two eyewitnesses to the occurrence, namely, Willard D. Coates and Daniel Threeton, testified they observed defendant and Baird in the act of sexual intercourse between the hours of 12:00 midnight and 1:00 A.M. on the night of August 15, 1959, in an automobile parked in front of plaintiff’s home in the Town of Springfield. Their testimony in this regard is neither contradicted nor impeached in any way except for the denial on the part of defendant herself that such an event transpired.
Notwithstanding the objection of counsel for defendant, plaintiff was permitted to introduce evidence of acts of adultery which allegedly transpired between defendant and Baird on dates other than that set forth in plaintiff’s petition. Additionally, despite the objection of counsel for defendant, plaintiff was permitted to introduce evidence showing several instances of un-adulterous but improper intimacies between defendant and Baird consisting, inter alia, of occasions when defendant sat on Baird’s lap and kissed him in defendant’s own home. Defendant strenuously argued the action of the trial court in permitting the introduction of such evidence was improper and highly prejudicial to her cause.
Under the firmly established jurisprudence of this state in a suit for divorce on the ground of adultery evidence of instances not connected in time or place with the alleged act of adultery relied upon by the aggrieved spouse are relevant and admissible in evidence to establish the propensity of the defendant to commit such a transgression. Proof of such conduct is corroborative in nature and augments the probability of the adultery charged. Houlton v. McGuirk, 122 La. 359, 47 So. 681.
The evidence complained of by defendant was properly admitted by our learned brother below for the purpose of showing the defendant’s proclivity to commit adultery. Said evidence when considered together with defendant’s admitted love for Baird, her leaving the home of her husband in the company of Baird and her admission of having accompanied him to a hotel where she occupied an adjoining room for three nights seems to lend considerable weight and credence to and is highly corroborative of the testimony of the eyewitnesses to the act of adultery committed August 15, 1959.
We believe the evidence in this case establishes the “strong proof” of adultery required by law thereby entitling plaintiff to the divorce prayed for.
For the reasons hereinabove set forth it is ordered, adjudged and decreed that the judgment of the trial court rendering judgment in the suit entitled, “Katherine Ann Robinson Pardue vs. Hobart O. Pardue, Jr.”, No. 9689 on the docket of the Twenty-first Judicial District Court, Livingston Parish, in favor of plaintiff therein granting said plaintiff a separation a mensa et thoro be and the same is hereby reversed, annulled, cancelled and set aside and judgment rendered therein rejecting said plaintiff’s demand at plaintiff’s costs.
It is further ordered, adjudged and decreed that the judgment of the trial court *121 in the suit entitled, “Hobart O. Pardue, Jr. vs. Katherine Ann Robinson Pardue”, No. 9688 on the docket of the Twenty-first Judicial District Court, Livingston Parish, Louisiana, rejecting said plaintiff’s demand for absolute divorce be and the same is hereby reversed, annulled, cancelled and set aside and judgment rendered therein in favor of Hobart O. Pardue, Jr. and against Katherine Ann Robinson Pardue, decreeing a divorce a vinculo matrimonii between said parties dissolving forever the bonds of matrimony and the community of acquets and gains heretofore existing between them.
Reversed and rendered.