AYRES, Judge.
This action was instituted by plaintiff for a separation “a mensa et thoro” from her husband on the ground of mental and physical cruelty. Identical charges of cruelty, as well as charges of defamation and abandonment, were contained in a re-conventional demand by defendant for a separation in his favor. The demands of both parties were rejected and, from the judgment, plaintiff appealed. Defendant has answered the appeal praying that plaintiff’s demands be rejected and that he be awarded judgment in his favor.
The basis for the action of the trial court was, as we appreciate the record, a conclusion that both parties were guilty of mutual, equal faults.
The incident upon which plaintiff primarily relies to establish cruelty on the part of the defendant is an occurrence at their home on August 8, 1964. On that occasion plaintiff and defendant became embroiled in an argument concerning their accustomed weekly grocery shopping. During the course of the argument plaintiff advanced on defendant and attempted to slap him, whereupon, to prevent the threatened assault he grabbed and squeezed her in his arms. Nevertheless, she was able to and did grab a frying pan with which she struck him on the head.
The aforesaid incident was followed by the actions of both parties to obtain possession of the family car. The wife reached the car first and seated herself therein, but, before she could drive away, defendant approached, opened the door, and lifted her out of the car. She was carried several feet distant therefrom, after which he assumed the driver’s seat and she took a position in the carport to the rear of the car, whereupon he threatened to drive over her if she did not remove herself. When the car was started, she darted to a place of safety and he drove off.
After spending the night at a local hotel, defendant returned to the family home the next day and found it locked, but nevertheless obtained entrance thereto, where he has remained ever since. Plaintiff also remained in the home, locking herself in her room when defendant was near. Their relationship as husband and wife was severely strained and became virtually nonexistent. Eventually, after about a week, the wife obtained possession of the family car, after which she took up residence with a daughter, by a former marriage, in another section of the city.
The fact that the car was mortgaged precipitated an incident of August 26, 1964, when defendant endeavored to repossess the car, obviously with the intent of surrendering it to the mortgagee. The wife, in the meantime, had changed the ignition switch so the husband’s key would no longer suffice to start the car. On the occasion referred to, defendant, with a mechanic, sighted the car on defendant’s stepdaughter’s driveway, whereupon an effort was made to effect a change in the wiring system so that the car might be started without a key. The effort was unsuccessful. Moreover, the stepdaughter succeeded in blocking the passageway. The police were, in the meantime, called and after their arrival plaintiff feigned a fall when unintentionally struck by the car door when opened by defendant.
Because of plaintiff’s separation from the family home under date of about August 15, 1964, defendant charges plaintiff’s abandonment. Moreover, defendant alleges that *74 plaintiffs acts, participated in by her daughter, in causing his arrest and in provoking a mental examination constituted cruelty. That the arrest and examination were thus procured is conceded, but it is contended that under the facts and circumstances both the arrest and examination were justified.
We deem it unnecessary to narrate in more detail the testimony of the various witnesses contained in this record. We feel we should, however, point out that plaintiff and defendant have been married for over 20 years; that she is now 61 years of age and that he is 73. Defendant, formerly employed in some phase of the oil industry, had heretofore enjoyed a substantial income. Because of advancing age and the deterioration of physical capacity, as well as lack of employment, defendant’s income ceased to be adequate for their support in their usual and customary manner of living. This financial situation, with a deterioration of physical and mental health on the part of both parties, as is often experienced during the advanced years of one’s life, produced a state of mind in which their nerves were frayed, making them more easily susceptible to irritation and flare-ups of temper.
We have read the record carefully and, from a consideration of all the testimony, have reached the conclusion, as did the trial judge, that plaintiff and defendant are each chargeable with acts of omission and commission toward each other constituting mutual wrongs of a like character and of a proportionate degree. Provision is made in the law for a separation from bed and board, in certain cases, for the relief of an oppressed party, but not for interfering in quarrels where both parties committed reciprocal excesses and outrages. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Snell v. Aucoin, 158 La. 767, 104 So. 709 (1925); Amy v. Berard, 49 La.Ann. 897, 22 So. 48 (1897). The demands of each of the parties against the other are predicated upon LSA-C.C. Art. 138, wherein it is provided that
“Separation from bed and board may be claimed reciprocally for the following causes:
•I" *1» *1*
“3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them towards the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable; * *
However, the rule is recognized in this State that, while mutual, equal fault operates as a bar to relief being given to either litigant, the courts consider in each case the degree of guilt and only where there is a finding of fact that the degree of guilt has been equal is the suit dismissed. Eals v. Swan, supra.
Therefore, where the spouses are guilty of mutual wrongful acts toward each other of the same character and which are so proportional that it is difficult to ascertain which party is mainly at fault, the courts will not interfere or grant relief to either. Eals v. Swan, supra; Ducros v. Ducros, 156 La. 1033, 101 So. 407 (1924); Duhon v. Duhon, 110 La. 240, 34 So. 428 (1903); Chaisson v. Chaisson, 152 So.2d 832, La.App., 4th Cir. 1963.
From the record it would appear considerable fault may be observable in the reactions of both of these people; that, instead of attempting a compromise of and an adjustment to a situation in which they find themselves, each has apparently pursued a particular line of endeavor without regard to consequences and would not give in, come what may. After so many years together, it is inconceivable their relationship should be so easily terminated now by hardheadedness on the part of either.
*75 For the aforesaid reasons, we find no manifest error in the judgment appealed, and, accordingly, it is affirmed at plaintiff-appellant’s cost.
Affirmed.