BOLIN, Judge.
Mr. Hinton sued his wife for a separation from bed and board based on cruel treatment and his wife reconvened asking for a separation on the same ground. From judgment granting the wife a separation and alimony pendente lite of $60 per week Mr. Hinton appeals.
The trial judge’s oral reasons for judgment are incorporated in the transcript of , testimony. He found the wife was guilty of cruel treatment consisting principally of continuous and excessive nagging and fussing; that the husband was guilty of habitual intemperance and of cruelty by physically abusing his spouse. He concluded, however, the husband’s cruelty or fault exceeded that of the wife.
The sole issue before us is whether the record supports the factual finding that, despite the mutuality of fault between the spouses, the husband’s cruelty sufficiently outweighed that of his wife so as to entitle the latter to a separation from bed and board. This question must be resolved in the light of the cases dealing with reciprocal wrongs under Louisiana Civil Code Article 138 (3).
The Louisiana jurisprudence has established that it is only in cases where the court finds equal fault that both spouses- *12 should be denied a separation from bed and board. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952).
Fifteen witnesses, excluding the litigants, testified. We have carefully reviewed the record including 245 pages of transcribed testimony. From this review we are convinced the trial judge patiently and laboriously presided over this unpleasant trial and we find no reversible error.
The judgment appealed from is affirmed .at appellant’s cost.
Affirmed.