ELLIS, Judge.
This is a suit for separation from bed and hoard based on cruelty, filed by Mrs. Martha Jane O’Neill against her husband, Clyde Bohne O’Neill. The alleged cruel treatment is based on an incident which occurred at the home of the parties on December 12, 1965.
The record reveals that on the afternoon of that day, Mr. O’Neill, before leaving for work, instructed his wife to put certain food, left over from the mid-day meal, in the refrigerator. During the afternoon, he called from work and reiterated these instructions. Mr. O’Neill, who worked a 3:00 p. m. to 11:00 p. m. shift, arrived home from work at about 11:20 p. m. His wife and a friend, Miss Linda Hollifield, were seated in the den, which adj oined the kitchen. He immediately went into the kitchen and found the food sitting on the stove. There were two stainless steel pots thereon, one containing about a cup of cabbage, and the other about a cup and a half of potatoes. Mrs. O’Neill heard her husband rattling the pots in the kitchen and went to see what he was doing. An argument ensued, which was described in differing versions by the parties. However, there seems to be no question that it was a loud quarrel and that there were some profane and unflattering characterizations applied by the parties to each other.
Miss Hollifield went to the kitchen to ask Mrs. O’Neill to take her home, and as she arrived in the door, Mr. O’Neill threw the contents of the cabbage pot. According to his testimony he was not throwing it at anything or anyone in particular, but did so on the invitation or suggestion of his wife. Mrs. O’Neill and Miss Hollifield testified that the former had to duck in order to avoid receiving the cabbage in the face. Some of the cabbage did, in fact, splash out onto Miss Hollifield’s slcirt and legs.
Mr. O’Neill thereupon left the kitchen and went into the den. He states that immediately thereafter, the pot containing the potatoes, and, apparently, some gravy, struck the wall of the den about four feet from where he was standing. He returned to the kitchen, where some further heated discussion took place between him and his wife. This discussion terminated when Mr. O’Neill slapped his wife in the face. Shortly thereafter, Mrs. O’Neill left and went to Miss Hollifield’s home.
The evidence also shows that plaintiff had, a short time before the day in question, left a pot of soup on the stove overnight in spite of her husband’s request that she put *671 it in the refrigerator. The soup had spoiled. It further is uncontested that after she had been struck by the defendant, plaintiff told him that she was “happy to have had the occasion to have a witness”, and that she would now be able to file a suit against him.
The trial court, after hearing the testimony in the case, dismissed plaintiff’s suit, from which judgment she prosecutes this appeal. She assigns as error the alleged finding of the trial judge that this was not a severe enough case of cruelty to warrant a separation from bed and board; the finding that she was mutually at fault with her husband; and the failure of the trial court to apply the doctrine of comparative rectitude to this case.
Defendant-appellee failed to file a brief, and made no appearance, and his counsel withdrew as such shortly after the record was lodged in this Court.
The law of this state is clear that a single act of cruelty is a sufficient ground for a separation from bed and board. Veal v. Veal, 140 La. 879, 74 So. 181 (1917). However, this principle of law is inapplicable if there exists mutual fault on the part of the parties, or if the act of cruelty is as the result of provocation on the part of the other spouse. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Pardue v. Pardue, 135 So.2d 116 (La.App. 1, 1961); Veal v. Veal, supra, and cases cited therein.
The doctrine of comparative rectitude is also applicable to cases arising in this state. It is expressed as follows in the case of Eals v. Swan, supra:
“The Louisiana rule is that while mutual, equal fault operates as a bar to relief being given to either litigant, the courts consider in each case the degree of guilt, and only where there is a finding of fact that the degree of guilt has been equal is the suit dismissed. The rule of comparative rectitude has been impliedly recognized. Each case, however, stands on its own particular set of facts.”
In the early case of Amy v. Berard, 49 La.Ann. 897, 22 So. 48 (1897), the Supreme-Court said:
“ * * * the law which provides for a. separation from bed and board in certain» cases is made for the relief of the oppressed party, not for interfering in quarrels where both spouses commit reciprocal excesses and outrages.”
In Abele v. Barker, 200 La. 125, 7 So.2d 684 (1942), we find the following language
“It has been repeatedly held by this court that a husband or wife is not entitled to a. separation from bed and board because-of cruelty if his or her conduct was such-as to exasperate the other spouse and-provoke the acts complained of.”
A review of the above authorities-makes it clear that it is not the law of this-state that any single act of cruelty is sufficient to justify a judgment of separation.. It is, rather, that a single, unprovoked act of cruelty is sufficient to justify such a judgment, provided that this act, of itself, is-such as to make living with the offending-party insupportable. Veal v. Veal, supra.
In reviewing the circumstances of this-case in the light of the above authorities,, we are, as was the trial judge, driven to-the conclusion that the action of plaintiff in leaving the food on the stove was deliberately calculated to irritate or exasperate-her husband. Although his reaction seems-somewhat extreme, her own response to his-behavior is equally irrational. Granting the fact that in the physical exchanges between the parties the defendant was the more culpable of the two by a margin of one slap,, we nonetheless feel that he was acting under-extreme provocation. We are further impressed by the fact that, after having thrown the cabbage, he attempted to retire from the fray, only to be recalled thereto-by the flight of the potato pot.
Although neither party is innocent in this case, we cannot say that either was-guilty of conduct so much more outrageous- *672 than that of the other so as to enable us to give him the benefit of the doctrine of comparative rectitude.
We are further of the opinion that in a case such as this, in which the record is bereft of any evidence of prior difficulty between the parties, and the entire cause •of action is based on one incident, the courts should inquire carefully into the circumstances before holding that the consequence of the incident is to render insupportable the living together of the parties.
For the above and foregoing reasons, we are of the opinion that the judgment of the Family Court is correct, and it is, accordingly, affirmed, at appellant’s cost.
Affirmed.