234 So.2d 426 (1970)
Jo Ann Smith MAYNOR
v.
Willie D. MAYNOR.
No. 7873.
Court of Appeal of Louisiana, First Circuit.
February 2, 1970.
William R. Carruth, Jr., Baton Rouge, for appellant.
James A. George, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Judge.
Plaintiff wife instituted this action against her defendant husband for a judicial separation on grounds of alleged abandonment. Defendant reconvened for a legal separation from plaintiff predicated on charges of mental cruelty. The trial court rejected plaintiff's demands for failure to establish defendant's alleged refusal to return to the matrimonial domicile. In addition, the lower court found both parties guilty of mutually equal fault and dismissed defendant's reconventional demand. Plaintiff has appealed praying for the relief sought below and contending the trial court erred in (1) Holding that plaintiff in an action for judicial separation on grounds of abandonment must prove the continued refusal of the other spouse to return to the matrimonial domicile, even after suit is filed, and (2) Finding that *427 plaintiff failed to establish that defendant left without cause. Counsel for defendant concedes no relief is available to defendant on appeal inasmuch as defendant neither appealed nor answered plaintiff's appeal. Defendant's counsel merely urges affirmation of the decree rendered below. We find the trial court correctly found both parties guilty of mutual equal fault. We affirm the decision rendered below.
It is virtually conceded the parties to this brief marriage, which commenced May 17, 1967, were incompatible from the outset. Also acknowledged is the fact that on February 22, 1969, defendant left the matrimonial domicile in the Chateau DeVille Apartments, Baton Rouge, Louisiana, and has since continued to refuse to return. This present action was instituted by plaintiff five days thereafter on February 27, 1969. Likewise, it is admitted that three similar actions for separation, filed by either plaintiff or defendant, preceded the instant suit.
The record discloses that after defendant's departure on February 22, 1969, plaintiff remained at the matrimonial domicile until March 8, 1969. At the time of trial she was residing at an undisclosed street address in Alexandria, Louisiana. She explained her refusal to reveal her exact address by stating she did not wish defendant to know where she presently lived. The record does not show whether plaintiff moved directly to Alexandria from Baton Rouge. Neither does it appear where plaintiff may have resided in the interval, if any, following her leaving Baton Rouge and moving to Alexandria. Defendant concedes he returned to the apartment twice between February 22, and March 8, 1969, making sure on each occasion not to enter until having first determined plaintiff was absent.
LSA-C.C. Article 143 authorizes separation on the ground of abandonment where one spouse absents himself from the matrimonial domicile without lawful cause and constantly refuses to return to live with the other.
Abandonment, as grounds for judicial separation as provided in Article 143, above, may be established as any other fact in a civil suit. LSA-C.C. Article 145.
Abandonment by one spouse does not support suit by the other for legal separation where the abandonment was for lawful cause such as cruel or outrageous conduct on the part of the spouse bringing suit. LSA-C.C. Article 143; Callahan v. Callais, 224 La. 901, 71 So.2d 320.
Counsel for appellant acknowledges appellant's burden of establishing that defendant left without lawful cause.
Plaintiff's counsel contends the trial court erred in finding that plaintiff left the matrimonial domicile before filing this present suit and that plaintiff declined to apprise defendant of her whereabouts, consequently, defendant did not know where plaintiff could be found had defendant desired to return. Counsel also objects to the trial court's adoption of the legal principle that an offer by defendant to return to the matrimonial domicile after suit was filed could have defeated plaintiff's action for separation on the ground of abandonment. Assuming, as counsel contends, all three rulings were erroneous, it would not affect the outcome of this litigation inasmuch as the trial court correctly found both parties guilty of mutual equal fault.
It is well established in our jurisprudence that in an action for judicial separation or divorce, mutual equal fault bars relief to both spouses. The court will, however, in each case determine the degree of fault of each party. Eals v. Swan, 221 La. 329, 59 So.2d 409.
We deem it unnecessary to relate the precise details of the time, place and circumstances of the virtual daily arguments, disputes and differences between the parties at bar as disclosed in the record. It suffices to narrate enough generalities to support our finding of mutual equal fault. We will also consider the marital *428 history of the parties in view of the well established legal principle that a suit based on causes arising since reconciliation may be corroborated by events that occurred prior to reconciliation. LSA-C.C. Article 153; Mischler v. Duchman, 159 La. 478, 105 So. 559. For the same basic reasons, we hold that circumstances antedating prior reconciliations are to be considered in determining the issue of mutual fault.
In essence plaintiff's testimony concedes the almost daily occurrences of disputes and arguments which frequently culminated in the use of loud and abusive language on her part as well as defendant's. She acknowledged frequent criticism of defendant's unduly long morning use of the bathroom, thus affording her inadequate time for her own personal hygiene such as bathing, shampooing and facial makeup. Plaintiff alleged that defendant, on more than one occasion, threatened her with a pistol in a fit of anger. Plaintiff also stated that on the morning defendant left the domicile, he commenced packing without any explanation. She denied that an argument had transpired on this particular morning but conceded there were frequent morning disputes concerning defendant's use of the bathroom. Plaintiff also admitted that an argument occurred while defendant was preparing to leave and that at least once or twice she told defendant she did not love him any longer and wanted him to leave. She readily conceded withholding from defendant knowledge of her whereabouts after leaving the apartment on March 8, 1969. It is significant that plaintiff did not deny the salient aspects of defendant's testimony as hereinafter set forth.
Defendant's testimony corroborates that of plaintiff as to disagreements between them from the inception of the marriage. According to defendant, plaintiff constantly accused him of personal uncleanliness but yet would violently and profanely object to his use of the bathroom to shower or shave. Defendant testified that although plaintiff objected to the odor of shaving cream and lotion, she also strongly criticized him when he did not shave. He also stated plaintiff angrily objected to his use of the bathroom for taking a shower because the bathroom thus became so heated, plaintiff could not use it to fix her hair. Defendant readily conceded having physically struck plaintiff on three occasions as testified by plaintiff. He stated, however, he was immediately contrite in each instance. In addition, defendant testified plantiff frequently referred to defendant's deformed eye in most derogatory and demeaning terms. He conceded plaintiff's reference to his infirmity and other provocations frequently prompted him to leave the house for "a cooling off period", following which he returned and attempted to resume normal social relations with plaintiff. Defendant also related occasions when plaintiff's unbecoming conduct was a source of embarrassment to defendant's family and friends, both in public and in private. Defendant further testified that on the morning of the separation the trouble began when plaintiff profanely chided him for "stinking up the bathroom" by taking a shower. Defendant alleged one word led to another ending in a violent quarrel which prompted him to leave.
Our finding of mutual equal fault bars plaintiff's right to relief herein. Eals v. Swan, 221 La. 329, 59 So.2d 409.
Accordingly, the judgment of the trial court is affirmed, all costs of these proceedings, both in the trial court and on appeal, to be paid by defendant Willie D. Maynor.
Affirmed.