STOULIG, Judge.
Defendant, Anthony Vincent Gaudiano, has appealed from a judgment granting his wife a separation from bed and board based on a finding that his cruel treatment rendered their future living together insupportable. In essence, appellant complains plaintiff’s petition and the evidence adduced at the trial are insufficient to support the judgment.
Basing her cause of action on LSA-C.C. art. 138(3), plaintiff pleads her allegation of cruelty as follows:
“That although your petitioner has always been a kind and dutiful wife and has given her said husband no cause or reason for ill treatment, the said defendant, Anthony Vincent Gaudiano, did on the 28th day of December, 1972, physi *397 cally strike and abuse your petitioner in the presence of her minor children, without cause or provocation, * *
Her testimony in support of this charge is to the effect that she customarily awoke at 6 a. m. to prepare coffee for her husband before he went to work, but on the morning of December 28, 1972, she told her husband she wished to stay in bed to rest that day. Defendant pulled the bed covers off and told his wife to get out of bed. When she refused he stalked out of the house. About five minutes later, defendant rang the doorbell and was let in by one of his five children. Within moments, back in the litigants’ bedroom, defendant grabbed his wife’s face, began cursing her, slammed her head down four or five times against the bed and finally struck her on the side of the face. During the scuffle, plaintiff screamed for her children to come to her assistance, and one of her daughters testified she saw her father strike her mother.
Defendant admits striking the plaintiff with either his fist or his hand, but claims his wife provoked it by following him from the house when he first left and screaming obscenities at him. The trial court apparently resolved the conflicting testimony on the issue of provocation in the wife’s favor, and there is nothing in the record to warrant our arriving at a different conclusion.
The remaining issue before us is whether the record supports the judgment. Defendant contends that under C.C. art. 138(3) plaintiff must specifically allege in her petition not only the act of cruelty upon which her action is grounded but also that it rendered a continuation of the marriage insupportable. In addition she must explicitly testify to both the cruel acts and the issue of insupportability.
We find no merit in this argument. In filing suit, plaintiff has made it obvious that further living together with her spouse is, in her view, insupportable. Also, whether continued living together has or has not been rendered insupportable by the alleged act of cruelty is a conclusion the judge must reach based on the evidence presented.
Defendant' next asserts the single act of cruelty of which defendant is accused, i. e. hitting his wife, cursing and reviling her, is insufficient to justify a separation under the circumstances of this case. He points out the litigants have been married 12 years and have five children. He states this is the only disruptive incident in an otherwise harmonious marriage.[1]
Even though there is a past history of marital discord', based on the evidence before us, we must determine whether the single act of cruelty hereinabove described is of such a nature to render a continuation of the marriage insupportable. In O’Neill v. O’Neill, 196 So.2d 669 (La.App. 1st Cir.1967), the court held that a single act of cruelty is adequate grounds for separation from bed and board if sufficient to render insupportable the continued living together of the spouses, provided mutual fault does not exist or the acts of cruelty complained of are not provoked by the spouse upon whom they are inflicted. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Veal v. Veal, 140 La. 879, 74 So. 181 (1917); Pardue v. Pardue, 135 So.2d 116 (La.App. 1st Cir.1961).
In this case we think the incident described supports the judgment of separation. As stated previously, we do not believe plaintiff cursed her-husband outside their home. Although she did refuse to prepare coffee for him because she wanted to rest, we would hardly consider this a provocatory action. In grabbing her face, slamming her head down and finally striking her in the face, defendant behaved in an irrational manner. His *398 use of force in this instance raises the inference that plaintiff might be subject to future physical violence if defendant is displeased. The likelihood of this inference materializing is supported by the uncontra-dicted testimony of the plaintiff that on two prior occasions she separated from the defendant — once for physical abuse and the other for nonsupport.
Accordingly we concur with the trial judge’s finding that the continued living together of these litigants is insupportable because of the defendant’s actions, and therefore the plaintiff is entitled to have affirmed the judgment of separation from bed and board rendered in her favor. Costs of this appeal are to be borne by appellant.
Affirmed.

. The record indicates that plaintiff testified she left her husband on two prior occasions— once, when he struck her, and another time when he withheld money she needed to run the house. The defendant did not deny the occurrence of these incidents.