SAMUEL, Judge.
Plaintiff filed this suit for a separation from bed and board from his wife on the ground of her alleged abandonment. Defendant answered, denying plaintiff’s allegations, and reconvened for a separation on the ground of cruel treatment.
After a trial on the merits, judgment was rendered in favor of the defendant wife, awarding her a separation from bed and board. Plaintiff has appealed.
*313 The record reveals the parties had been married 21 years and have two major children. In October, 1975 the wife left the matrimonial domicile. The week prior thereto, the parties had an argument when the wife wanted to go to a bar called “Deedie’s” to attend a political meeting with two other lady friends, but her husband wanted her to go to a football game with him. He had been drinking and told her she could not go to the political rally unless she went to the football game first. When she refused to do so he said he would kill her and several deputies. He took a loaded gun and put it in his truck. Their daughter, who was present in the house, became so upset that the mother did not go to the political rally but followed the daughter to her home where she stayed that evening. The daughter took the loaded gun out of her father’s truck and to her own home so no one would get hurt. The wife, claiming she was afraid for her life, left the matrimonial domicile the following week. The wife’s testimony was corroborated by the married daughter.
In this court appellant contends: (1) the judgment of separation should have been granted in his favor; and, alternatively, (2) a finding of mutual fault should have been made.[1] We do not agree with either contention.
Relative to appellant’s first contention, LSA-C.C. Art. 143 authorizes separation on the ground of abandonment where one spouse absents himself or herself from the matrimonial domicile without lawful cause and constantly refuses to return to live with the other. Abandonment, as grounds for judicial separation as provided in Article 143, may be established as any other fact in a civil suit.[2] However, abandonment by one spouse does not support a suit by the other for legal separation where the abandonment was for lawful cause such as cruel or outrageous conduct on the part of the spouse bringing suit.[3]
In this case, while plaintiff and his two witnesses stated they knew of no reason why defendant had left the matrimonial domicile, it is clear from the testimony of the defendant and her daughter, which testimony was accepted by the trial judge, that the threat to her life and the placing of a loaded gun in the vehicle in which defendant was going to travel constitutes justifiable reason for her to leave. Thus, we cannot grant plaintiff a separation on the grounds of abandonment.
Relative to the second contention, our established jurisprudence was that in an action for judicial separation or divorce mutual, equal fault bars relief to both spouses. However, in each case the court will determine the degree of fault of each party.[4] The only fault testified to by the plaintiff on the part of his wife was that she intended to go to “Deedie’s” with two other women friends and he did not approve because it was a bar. There is no evidence which would indicate that the wife frequently went to bars unescorted and, in fact, on the occasion in question, because of her husband’s threat, the defendant did not go. We find no mutual, equal fault in the instant case.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. We note Act 495 of 1976, providing a separation from bed and board shall be granted even though both spouses were mutually at fault in causing the separation, became effective October 18, 1976 and the judgment here appealed from was rendered June 9, 1976.

. LSA-C.C. Art. 145.

. LSA-C.C. Art. 143; Callahan v. Callais, 224 La. 901, 71 So.2d 320; Maynor v. Maynor, La.App., 234 So.2d 426.

. Eals v. Swan, 221 La. 329, 59 So.2d 409; Maynor v. Maynor, supra, note 3.