544 So.2d 544 (1989)
Betty Porter VINCENT
v.
Charles H. VINCENT, Jr.
No. 89-CA-1.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1989.
*545 Larry C. Pieno, Marrero, for plaintiff/appellant.
Lazard Levy, Marrero, for defendant/appellee.
Before CHEHARDY, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
In this divorce action the plaintiff wife appeals the finding that she was at fault.
Betty Porter Vincent and Charles H. Vincent were married in 1964 and separated in July, 1984, when Mr. Vincent moved out of the family home. On December 4, 1987 Mrs. Vincent filed suit for divorce on grounds of having lived separate and apart for more than one year. She declared she was in necessitous circumstances and asked that alimony be awarded. She alleged that the husband had treated her in so cruel a manner as to make their living together insupportable, while she had given him no cause to mistreat her. The husband answered with a denial and reconvened, alleging he had been a good and loving husband while she had "expressed that she did not love her husband." After trial of the merits the judge rendered judgment from the bench, granting a divorce on grounds of living separate and apart for more than one year and finding both parties at fault in causing the breakup of the marriage. Judgment was signed on May 16, 1988, followed by the wife's appeal.
We summarize the issues presented for review as follows: whether the record supports a finding of fault on the part of the plaintiff, when the finding is based largely on a single incident; and whether the defendant's testimony regarding that incident was admissible or constituted an enlargement of the pleadings.
Mrs. Vincent testified that her husband often stayed out late or all night, drinking excessively and going bowling. She and the couple's minor daughter frequently drove around looking for Mr. Vincent late at night. The incident that precipitated the breakup of the marriage was related by Mrs. Vincent as follows:
Michelle and I, we went for a ride one night and we were driving up and down Fourth Street looking for him because he didn't come home and we were driving back across Destrahan and Michelle saw this woman get in our car and when she got in the car, Michelle and I followed them to Country Swing and we walked in there and I made a fool of myself. I mean, I pushed Chuck and Michelle was hollering at the woman; and then we went home. Michelle and Ithere was a ruckus but, I mean, they put me out, I mean, this man grabbed ahold of me and told me to leave. So we went home and when we got home, I made Michelle take Chuck's car and go home `cause I didn't want her there. And when we got home, well he followed us and her purse was left in our car and when the purse was left in the car, we had a big row over it and then from there, it was over. I mean the marriage went Poof! And he left in July.
Mr. Vincent testified that he had gone bowling after work, saw "Ada" there, and the two of them then went to the bar. He stated:
I was standing at the end of the bar by the cigarette machine, and I turned around and she [Mrs. Vincent] was running towards me and pinned me up against the cigarette machine and started yelling at me and beating on me. I had to push her away; and it was about the time the owner of the establishment came up and grabbed her and told her to settle down and took her outside.
He testified that he and Mrs. Vincent had spent very little recreation time together in the period before this incident because she had the habit of falling asleep by seven or eight o'clock. Mrs. Vincent testified that she did not argue with her husband about *546 his late nights but her upset over his behavior led to her riding around to look for him and caused her rage when she "caught him with this woman."
Ordinarily, fault is not an issue in a divorce proceeding in which divorce is sought on grounds of living separate and apart for one year, unless a spouse specifically requests permanent alimony. LSA-R.S. 9:301. Permanent alimony may be granted to a spouse who is not at fault and has insufficient means of support. LSA-C. C. 160. When a claim is made, the burden of proving freedom from fault is placed on the claimant spouse. To preclude alimony, fault of the claimant spouse must be of the type and magnitude of the fault set out in LSA-C.C. 138 and 139. Pearce v. Pearce, 348 So.2d 75 (La.1977); Prudhomme v. Prudhomme, 526 So.2d 1293 (La.App. 3rd Cir.1988), and cases cited therein. The finding of fault in a separation or divorce is a factual one, and the trial court's determination will not be disturbed in the absence of manifest error. Pearce v. Pearce, supra.
The judgment of divorce states as to fault:
... both parties are at fault, in that Charles H. Vincent, Jr. absented himself from the home at irregular hours and Betty Porter Vincent struck him without cause, ...
Admissibility of Evidence over Counsel's Objection.
The plaintiff asserts that it was error for the trial judge to allow defendant to testify about the Country Swing incident. She argues that the testimony was irrelevant because the defendant had not alleged cruelty on her part. We find no merit in the plaintiff's position. The trial judge allowed the testimony as rebuttal of the plaintiff's allegations. She alleged she had been a "faithful and dutiful wife and has not given her husband any cause for mistreating her." The spouse claiming alimony has the burden of proving affirmatively her freedom from fault, which the opposing spouse is entitled to rebut, if possible. We note further that Mrs. Vincent initiated the topic of the Country Swing incident and find that Mr. Vincent's testimony added little to the facts already given by Mrs. Vincent under direct examination.
Single Incident as Basis of Fault.
In O'Neill v. O'Neill, 196 So.2d 669, 671 (La.App. 1st Cir.1967) the court said:
The law of this state is clear that a single act of cruelty is a sufficient ground for a separation from bed and board. Veal v. Veal, 140 La. 879, 74 So. 181 (1917). However, this principle of law is inapplicable if there exists mutual fault on the part of the parties, or if the act of cruelty is as the result of provocation on the part of the other spouse. Eals v. Swan, 221 La. 329, 59 So.2d 409 (1952); Pardue v. Pardue, 135 So.2d 116 (La.App. 1, 1961); Veal v. Veal, supra, and cases cited therein. [Emphasis supplied.]
In Gaudiano v. Gaudiano, 288 So.2d 396 (La.App. 4th Cir.1974), the court affirmed a judgment granting the wife a separation based on an alleged single act of cruelty, that of slamming her head down and striking her for refusing to prepare his morning coffee. The court said that the use of force on that occasion suggested that the husband might perpetrate other violent acts in the future and that the act was of such a nature as to render their living together insupportable. In Simon v. Simon, 530 So.2d 669 (La.App. 4th Cir.1988) the court found that a wife whose husband kicked her had lawful cause to leave the marital home. In both cases the court found that there was no provocation to justify the act of physical abuse.
In our case it is clear that Mr. Vincent had absented himself from home frequently before the incident and that Mrs. Vincent had suspected him of infidelity. He admitted that Ada began "staying with him" soon after he left the family home. Mrs. Vincent's reaction to finding the pair together, while outrageous, was not altogether unprovoked. Mr. Vincent's only allegation was that she told him she did not love him, which she denied. Her falling asleep early every evening may have been annoying and indicates that the marriage *547 was not a congenial one, but mere dissatisfaction with the marriage and incompatibility do not constitute grounds for separation. Dugas v. Dugas, 424 So.2d 1189 (La.App. 1st Cir.1982). We are unable to say that Mrs. Vincent's behavior at the Country Swing was comparable to that of the spouses in Gaudiano v. Gaudiano, supra, and Simon v. Simon, supra, or that it would support a finding of fault serious enough to entitle her spouse to a separation. On the other hand, we find that Mr. Vincent's frequent absence from home and spending his evening with another woman do constitute a ground for separation.
Having found that the court was in error in holding that both spouses were at fault in causing the breakup of the marriage, we reverse the decree insofar as it finds Mrs. Vincent at fault, affirm the decree in all other respects. As there has been no determination of Mrs. Vincent's need for alimony and Mr. Vincent's ability to pay, we remand for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.