WALTZER, Judge.
The matter before us comes from a trial court judgment granting a legal separation of Sandra and Jay Saacks based upon mutual fault due to cruel treatment. Sandra Saacks, the plaintiff, appeals to this Court, claiming that the trial court was in error for finding her at fault.
Sandra Perret and Jay Saacks, a police officer, were married in 1969. They had two daughters, Stacy and Sherry Saacks, both of whom were majors at the time this matter went to trial. On May 22, 1989, Sandra Saacks filed a petition for separation based on cruel treatment by Mr. Saacks, which rendered their living together insupportable. Mrs. Saacks further requested a temporary restraining order prohibiting Mr. Saacks from harassing Mrs. Saacks at her home or place of employment, and prohibiting him or his agents from alienating community assets. In June of 1989, the couple reconciled. On December 6, 1989, Sandra Saacks amended her May 22, 1989 petition for separation to include allegations of an adulterous affair by her husband, further cruel treatment by Mr. Saacks consisting of repeated arguments since their reconciliation and a failure by Mr. Saacks to inform his wife of his whereabouts, and physical threats and violence by Mr. Saacks causing Mrs. Saacks to leave the matrimonial home. In her amended petition, Mrs. Saacks prayed for immediate divorce, based on Mr. Saacks’ *926 infidelity, or alternatively, legal separation, based on Mr. Saacks’ infidelity and/or cruel treatment. Again Mrs. Saacks requested a restraining order preventing Mr. Saacks from harassing her at home or at work and preventing Mr. Saacks or his agents from depleting or alienating marital property. Mrs. Saacks further asked for alimony pen-dente lite and a judgment finding her free from fault so that she may later seek permanent alimony. Mrs. Saacks also asked that she be given occupancy of the family home in Chalmette and that Mr. Saacks be ordered to vacate the premises.
On December 8, 1989, the trial judge granted Mrs. Saacks a temporary restraining order against her husband, prohibiting him or his agents from physical abuse or harassment of Mrs. Saacks at her residence or place of employment and prohibiting him or his agents from alienating or encumbering any of the community assets. Furthermore, Mr. Saacks was ordered to show cause why a preliminary injunction should not be issued against him, and why he should not be evicted from the matrimonial home.
Mr. Saacks, on December 27, filed an answer and reconventional demand. In his answer, Mr. Saacks denied ever having an extramarital affair or physically striking his wife. His reconventional demand alleged cruelty on the part of Mrs. Saacks: that she continually and without provocation argued with him, that she ridiculed and embarrassed him in public, and that she physically harmed him by throwing objects at him in private and in public.
A hearing was held on March 27, 1991, at which Mrs. and Mr. Saacks, Alan Jaeger, Thomas Gray, Philip Aleshire, and Albert Spiess testified. Sherry Saacks, the daughter of Sandra and Jay, also testified at a later date. The testimony revealed an extremely bitter breakup between Sandra and Jay Saacks with numerous arguments which often became physically violent. Much of the testimony conflicted as each party attempted to blame the other while making him or herself appear blameless.
After hearing the seemingly endless testimony of this couple’s breakup, the trial court found both parties at fault, and granted a legal separation based on mutual cruelty. The trial judge explained in his reasons for judgment that the testimony of the witnesses were conflicting and inconsistent, specifically noting the testimony of the Saacks’ daughter, Sherry, as “prompted by her feelings of love or displeasure toward the respective parents at the specific time of testimony and other statements under oath.” The trial judge concluded that “the matter reflects classic examples of mutual fault as the cause for separation.” Since that judgment, Mrs. Saacks has filed for, and has been granted, a divorce based upon living separate and apart from Mr. Saacks for over a year. Mrs. Saacks now appeals the trial court judgment which granted the legal separation, arguing that the trial judge was in error for finding her at fault. Mr. Saacks does not appeal the judgment which found him also at fault.
Louisiana law is clear that a trial court’s finding of fault in a divorce or separation proceeding is a factual determination deserving of much deference by this Court and which should not be disturbed absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977); Wester v. Wester, 564 So.2d 799 (La.App. 3rd Cir.1990); writ den., 568 So.2d 1066 (La.1990); Vincent v. Vincent, 544 So.2d 544 (La.App. 5th Cir.1989); Tampira v. Tampira, 531 So.2d 1088 (La.App. 4th Cir.1988); writ den., 533 So.2d 362 (La.1988). To be legally at fault a spouse must be guilty of cruel treatment or excesses which compel a separation because the marriage is insupportable. Brewer v. Brewer, 573 So.2d 467 (La.1991).
Because only Mrs. Saacks appealed, the sole issue before us is whether there was ample evidence to support the trial court’s finding of fault on her part, which thereby made the marriage insupportable.
At the hearing, evidence was presented alleging numerous actions by Mrs. Saacks which support a finding of cruelty on her part. Testimony from Mr. Saacks, as well as other witnesses, indicated that Mrs. Saacks began many of the couple’s arguments, that Mrs. Saacks frequently be *927 came abusive and excessively hostile after having a few drinks, and that on several occasions she physically injured her husband, once by throwing a flower arrangement at him and again by striking him in the head drawing blood. Furthermore, Mr. Saacks testified that on one occasion, Mrs. Saacks called his office and falsely reported that his father had suffered a serious heart attack. When Mr. Saacks returned home, after driving well over the speed limit with his police lights and siren on, he found her on the couch laughing at the cruel joke she had played on him. Other testimony alleged that Mrs. Saacks began several arguments in public, and that she was once asked to leave a restaurant because of the commotion she was creating. Even A1 Jaeger, Mrs. Saacks’ employer, who was called to testify on her behalf, admitted during cross-examination that he recalled Mrs. Saacks being referred to by her colleagues as "Dr. Jekyll and Mr. Hyde” with respect to her emotional state after having a few drinks. Additionally, the trial judge was free to consider the testimony of the daughter which clearly indicated the inexcusable manner with which their child had been dragged into the marital problems of her parents.
Mrs. Saacks argues on appeal that her actions could not constitute fault because they were directly in response to her husband’s outrageous actions and not an independent cause of the break up. The appellant cites to several cases in support of this argument. Brewer v. Brewer, 573 So.2d 467 (La.1991); Pearce v. Pearce, 348 So.2d 75 (La.1977); Vincent v. Vincent, 544 So.2d 544 (La.App. 5th Cir.1989). However, those cases are factually distinguishable from the case presently before us. The trial record reveals actions substantially more severe than the simple nagging and bickering inevitable in all marriages. Brewer, supra, 573 So.2d at 469. The record clearly indicates that Mrs. Saacks often became physically violent. Furthermore, her abusive and hostile temper toward her husband after having a few drinks, her cruel joke of falsely reporting her father-in-law’s heart attack, her embarrassing public behavior toward her husband, as well as other facts alleged in the witnesses’ testimony, sufficiently support the trial court’s holding of cruel treatment by Mrs. Saacks. Our own review of the record leads us to the same conclusion that the “matter reflects classic examples of mutual fault as the cause for separation."
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.